## PARLIN *v.* AUSTIN.

In an action of replevin (affidavit having been filed, and the writ issued and served on the defendant and the property) the failure of the officer to select appraisers, or the failure of the appraisers to discharge their duties as required by the statute (Laws 1876, page 116), are not grounds for quashing the writ.

*Error to County Court of Boulder County.*

MOTION in the county court to quash the writ of replevin. The cause was originally commenced before a justice of the peace, from whose judgment an appeal was taken. The defendant insisted as ground for his motion that the property seized had not been appraised as required by the statute. The motion prevailed, and the cause was dismissed. The plaintiff then sued out this writ of error.

Mr. ALPHEUS WRIGHT, for plaintiff in error.

Messrs. BERKLEY & BLAKE, for defendant in error.

THATCHER, C. J. The affidavit was filed and the writ of replevin issued from the justice court on the 4th day of September, A. D. 1876, returnable on the 11th day of the same month. September 6th the writ was served on the defendant, and the property therein described was seized and retained by the constable until the return day of the writ. When the officer selected the appraisers, the record does not show.

It does appear that on the day of the trial, the appraisers, having taken the required oath, valued the property seized, and that on the same day the constable delivered the property to the plaintiff, he having given the bond prescribed by law. It is the declared intention of the statute, that if the defendant in replevin shall give the statutory bond within three days "after the service of the writ upon such property," the same having been appraised, the property seized shall be delivered by the officer to such defendant (Sess. Laws of 1876, page 116, § 2).

The property was not appraised within the time limited by the statute. No opportunity was, therefore, given to the defendant to assert the right vouchsafed by the statute, as the agent of the law, the officer, is enjoined to select the appraisers, whose duty it is to value the property replevied. If either the officer or the appraisers, or both, failed in their duty, the affidavit having been made and filed, and the writ having been issued and served upon the defendant, and the property having been seized in pursuance thereof, was the court warranted, for either or both of these reasons, in dismissing the writ? We think not.

If the officer fails to perform his duty, to the injury of the defendant, an action will lie against him; but the plaintiff, to whom no fault is to be imputed, so far as the record discloses, should not be made to suffer unnecessarily for the negligence of either an officer of the law or of the appraisers.

The motion asked too much. As under the statute the defendant was first entitled, upon giving bond, to have the property turned over to him, and as, through what appears to be negligence of the officer, no opportunity was ever given to furnish a bond, the court on motion of defendant might and should have ordered the plaintiff to deliver the replevied property to the defendant upon his giving the statutory bond, unless indeed, upon hearing the motion, it should have appeared to the court that the defendant had signified his intention to the officer not to give bond. This would have restored the parties to their rights so far as it was in the power of the court to restore them.

The judgment of the court below must be reversed, and the cause remanded for further proceedings according to law.

*Reversed.*