## ALEXANDER BROS. & CO. v. JAMISON.

1. CASES EXPLAINED.—*Ketchin* v. *Landecker,* 32 S. C., 15, and *Doty* v. *Boyd,* 46 S. C., 42, apply only in cases of attachment, and not in claim and delivery.

2. CLAIM AND DELIVERY—FILING AFFIDAVITS IN CLERK'S OFFICE.—There is no penalty attached by statute or rule of Court for failure to file affidavits, &c., in claim and delivery in clerk's office within twenty days.

3. ASSIGNMENT—CHATTEL MORTGAGES—JURIES AND JURY TRIALS.— Where there was evidence tending to show that plaintiff was the owner of the chattel mortgage, although there was no written assignment, the question of ownership was properly sent to the jury.

4. REPLY.—When a defendant denies all material allegations of the complaint, he is not entitled to reply in argument, even though he does not put in any evidence.

Before KLUGH, J., Greenville, December, 1898. Affirmed.

Action in claim and delivery by Alexander Bros. & Co. *v.* Thos. F. Jamison. From judgment on verdict for plaintiff, defendant appeals.

*Mr. Adam C. Welborn,* for appellant, cites: *Affidavit should have been filed in clerk's office in twenty days:* 46 S. C., 42; 36 S. C., 155. *Charge:* 47 S. C., 489.

*Mr. J. A. Mooney,* contra, cites: *Plaintiff cannot be made to suffer for neglect of sheriff to file papers in clerk's office:* 36 Am. St. R., 277; 15 Am. St. R., 288; Code, 238; 2 Hill, 379;. 22 S. C., 301; 26 S. C., 290.

January 3, 1900. The opinion of the Court was delivered by

MR. JUSTICE JONES. In this action for claim and delivery of personal property, the sheriff failed to file with the clerk of the court the notice and affidavit with his proceedings thereon within twenty days after taking the property

mentioned therein, as required by section 238 of the Code. Appellant contends that the Circuit Court erred in not dismissing the proceedings for failure to file as aforesaid, and relies upon the cases of *Ketchin* v. *Landecker,* 32 S. C., 155, and *Doty* v. *Boyd,* 46 S. C., 42. These cases, however, are not applicable, for they relate to the necessity of filing affidavits upon which a warrant of attachment is issued, and are expressly based upon the positive requirements of sec. 250 of the Code, and Rule 69 of the Circuit Court pursuant thereto. There is no penalty attached by statute or rule of Court for failure to file the notice and affidavit referred to in section 238, relating to claim and delivery proceedings, and we know of no authority for holding the proceedings null and void for failure to file as required.

2. Appellant next excepts that the Court erred in not directing a verdict for the defendant on the ground that the note referred to in the complaint had been assigned by plaintiffs to Kranich & Bach, and had not been reassigned to plaintiff, but was indorsed to them "for collection only," and that such indorsement would not authorize this suit in plaintiffs' name. There was evidence tending to show that the note and the mortgage securing the same on the property in question belonged to plaintiffs, and the Court properly submitted the case to the jury on the issue raised as to the ownership of the property in dispute.

3. Defendant not having offered any testimony, claimed to be entitled to the reply in argument. This claim was properly refused. Defendant by his answer denied all the material allegations of the complaint, and thus imposed upon plaintiff the burden of establishing his cause of action.

4. It is further excepted that the Circuit Court erred in charging the jury in respect to matters of fact. This exception is wholly without foundation.

The judgment is affirmed.