[File Nos. 6116, 6117]

BINGENHEIMER MERCANTILE COMPANY, a Corporation, Appellant, v. ADAM HORNING, Respondent.   (Two Cases.)

(249 N. W. 321.)

Opinion filed June 24, 1933.

*Sullivan, Hanley & Sullivan,* for appellant.

*Thomas F. McDonald,* and *Jacobsen & Murray,* for respondent.

NUESSLE, Ch. J.   (Two cases.)   These actions to recover the possession of personal property were each begun by the issuance of a summons and complaint in September, 1930.   Having executed the requisite

affidavits and undertakings, the plaintiff required the sheriff to take the property in question from the defendant and deliver it to the plaintiff. Accordingly the sheriff took such property. He was not required to return it to the defendant and so delivered it to the plaintiff. But the sheriff failed to file the notices and affidavits with his proceedings thereon with the clerk within twenty days after the taking of the property as required by § 7527, Comp. Laws 1913. The defendant duly answered in the actions. The cases were not brought to trial, however, and no papers were filed with the clerk. In May, 1932, the defendant moved the court to dismiss both claim and delivery proceedings on the ground that the provisions of § 7527, Comp. Laws 1913, had not been complied with. The motions were resisted by the plaintiff. The court granted the motions in each case and "ordered that the claim and delivery proceedings with papers and process are hereby dismissed and the property seized thereunder hereby ordered to be returned by the sheriff to the defendant." From these orders plaintiff perfected the instant appeals.

Section 7527, Comp. Laws 1915, provides:

"The sheriff shall file the notice and affidavit with his proceedings thereon with the clerk of the court in which the action is pending within twenty days after taking the property mentioned therein."

The sole question on these appeals is as to whether the failure on the part of the sheriff to comply with the requirements of the foregoing statute is ground for a dismissal of the claim and delivery proceedings.

The plaintiff insists that § 7522, Comp. Laws 1913, is directory only; that the statute makes no provision for dismissal upon failure to comply with its direction and that therefore the court erred in its orders. The defendant insists that the statute is mandatory; that upon failure of the sheriff to file the notice and affidavit the seizure becomes void ab initio and the proceedings must be dismissed and the property returned to the defendant.

Failure to comply with the provisions of § 7527, supra, does not avoid the proceedings. The default is that of the officer. A plaintiff who seeks to obtain possession of property through claim and delivery has done all that is required of him when, in a proper action, he executes a sufficient affidavit and undertaking and makes requisition upon the sheriff pursuant to the provisions of §§ 7517, 7518, 7519, Comp. Laws

1913. The sheriff when he has taken the property and turned it over to the plaintiff has no further duty to perform except that he must file the notice and affidavit with his proceedings thereon with the clerk. The plaintiff ought not to be penalized if without fault on his part the sheriff fails to file the papers. Parlin v. Austin, 3 Colo. 337. See also Alexander Bros. v. Jamison, 56 S. C. 409, 34 S. E. 695. If the defendant suffers injury by reason of the sheriff's default he has his remedy against the sheriff who is liable on his official bond. Whether or not the papers are filed with the clerk can make no difference to him in the vindication of his rights in the matter. Though the papers are not filed by the sheriff, nevertheless if service of a sufficient affidavit and undertaking is made upon the defendant as was done in this case the defendant has his remedy on the undertaking even as if they had been filed. And either party can compel the sheriff to comply with the statute in case he fails to do so.

We have not overlooked the case of Guernsey v. Tuthill, 12 S. D. 584, 82 N. W. 190, an action upon a sheriff's bond, wherein it is suggested that a statute identical with § 7527, supra, should receive the same construction and be given the same effect as that given to the statute requiring the filing of a return in an attachment action. Even though the rule in attachment be that the failure of the officer to make his return vitiates his proceedings under the warrant, (we do not now pass upon this point, but see Interstate Surety Co. v. Bangasser, 50 S. D. 618, 211 N. W. 599) we cannot agree that the cases are the same. In attachment the statute requires the sheriff to make a return of the warrant to the court whence it is issued. See §§ 7546 and 7566, Comp. Laws 1913. Oftentimes the court's jurisdiction to proceed depends upon the levy under the warrant. So the return is a necessary part of the proceeding. 6 C. J. 246, et seq. But claim and delivery is merely an auxiliary remedy in an action to recover the possession of personal property. The court acquires jurisdiction not by the taking of the property and the filing of the notice and affidavit with the officer's proceedings thereon, but by the service of the summons and complaint.

Reversed.

Burr, Christianson, Birdzell and Burke, JJ., concur.