[No. 3,034.]

# CHARLES MAIN, E. H. WINCHESTER, AND THOMAS R. HAYES *v.* J. TAPPENER AND J. R. HOWARD.

BOTH SERVICE AND FILING OF ATTACHMENT NECESSARY.—To complete the service of an attachment of real property, under section one hundred and twenty-five of the Practice Act, both the service of the attachment on the occupant, or posting on the premises, and the filing of it with the County Recorder, are essential.

SERVICE OF ATTACHMENT TO PRECEDE FILING.—The service or posting of the attachment must precede the filing of it.

DEFECTIVE ATTACHMENT WILL NOT OVERREACH CONVEYANCE TO PURCHASER IN GOOD FAITH.—An attachment of real property, if served by first filing with the Recorder, will not overreach a conveyance made by the owner to a purchaser in good faith, and for a valuable consideration, intermediate the filing of the attachment and the service of a copy on the occupant, although the service be made with all reasonable dispatch.

RELATION WILL NOT CURE DEFECTIVE ATTACHMENT.—Where a writ of attachment of real property was filed with the County Recorder, and was served a few hours afterwards: *held*, that the doctrine of relation would not apply to make the attachment date from the filing.

APPEAL from the District Court of the Fifteenth Judicial District, Contra Costa County.

The premises in controversy were, on and prior to the 13th of April, 1869, owned by Thomas Parr, and were standing on the records of Contra Costa County in his name. On that day the plaintiffs in this action commenced a suit against Parr for merchandise furnished him, and caused a writ of attachment of the premises to be placed in the hands of the Sheriff. On the 14th of April, 1869, at nine o'clock A. M., the Sheriff filed a copy of the writ with the County Recorder, with his certificate that the premises had been attached by him; and on the same day he proceeded to the premises, twenty-five miles distant from the Recorder's office, and at half-past twelve o'clock posted a copy of the attachment on the premises, and at the same time served the writ on Parr by delivering him a copy. At eleven o'clock of the same day Parr executed and delivered a deed

of the property to J. R. Howard, the defendant here. In the action against Parr, judgment by default was taken, and under an execution issued April 30th, 1869, the Sheriff sold the premises to the plaintiffs here. The property was not redeemed, and on the 5th of January, 1870, it was deeded to the plaintiffs by the Sheriff. They brought this action to recover the possession. On the trial it appeared that the defendant Howard purchased the property in good faith, paying four hundred dollars for it. Judgment was rendered for the defendants, and the plaintiffs appealed.

*Thomas A. Brown*, for Appellants.

The filing by the Sheriff in the Recorder's office of a copy of the writ of attachment in the action of *Main & Winchester* v. *Parr*, with a description of the property attached, was sufficient to operate as notice to third parties of the lien of the attachment, and the defendant Howard's deed was taken with this notice. (Hitt. 6072; Sec. 125 Practice Act; *Messick* v. *Sunderland*, 6 Cal. 297; *Chamberlain* v. *Bell*, 7 Cal. 292; *Ritter* v. *Scannel*, 11 Cal. 249; *Wheaton* v. *Neville*, 19 Cal. 44; *Page* v. *Rogers*, 31 Cal. 301; *Johnson* v. *Stagg*, 2 Johnson, opinion by Kent, Ch. J. 522, 524; *Porkist* v. *Alexander et al.*, 1 Johnson Ch. Reports, 398.)

The appellants contend that the doctrine of relation applies to the acts done by an officer in levying an attachment on real estate, and that the attachment of *Main et als.* v. *Parr*, under consideration, was levied at nine o'clock A. M. on the fourteenth of April, the time when the Sheriff filed a copy of the writ, together with a description of the property attached, with the Recorder. That the other acts done by the Sheriff in completing the levy of the writ, to wit: serving a copy of the writ on Parr, the occupant, and posting a copy on the premises at thirty minutes past twelve o'clock, in judgment of law, are considered as having been done at the time the first act was done. (*Lark* v. *Borner*, 4

Cal. 413; Viner's Abridgement, 290; 3 Cow. 80; 3 Denio, 79; 15 Johns. 309; 20 Cal. 160; 17 Cal. 259; 18 Cal. 570; 10 How. U. S. 373.)

*P. B. Ladd,* for Respondent.

As to the question of the doctrine of relation, the facts of the case show that there is nothing to relate to, and that if, as they claim, they had one act required by statute performed before defendants' deed was made and delivered, the doctrine of relation does not apply to the prejudice of strangers or third parties having any right without notice. In the cases of *Jackson* v. *Bard,* 4 Johnson, 230, and *Heath* v. *Ross,* 12 Johnson, 140, the Court distinctly say that the doctrine of relation being a fiction of law for the furtherance of justice, is not admitted to the prejudice of third persons, not parties or privies, having any right.

By the Court, CROCKETT, J.:

The only question on this appeal is, whether an attachment of real property, standing on the records of the county in the name of defendant, and which was served by first filing a copy of it with the County Recorder, together with a description of the property attached, and by afterwards, with all reasonable dispatch, serving a copy on the occupant of the premises, will overreach a conveyance, made by the defendant to a purchaser in good faith, and for a valuable consideration, intermediate the filing of the copy with the Recorder and the service of a copy on the occupant. Section one hundred and twenty-five of the code provides that an attachment of real property standing on the records of the county in the name of the defendant shall be served " by leaving a copy of the writ with an occupant thereof, or, if there be no occupant, by posting a copy in a conspicuous place thereon, and filing a copy, together with a description

of the property attached, with the Recorder of the county."
To complete the service and create a lien, both the acts
required by the statute must be performed. Neither the
filing with the Recorder, without the service or posting of a
copy, nor the performance of the latter acts without the
filing will amount to a service of the attachment and create
a lien on the property. The performance of both acts is
essential to create the lien. ( *Wheaton* v. *Neville*, 19 Cal. 44.)
But in addition to this the requisite acts must be performed
in the order in which they are named in the statute—that is
to say, the service on the occupant or the posting on the
premises must precede the filing of a copy with the Recorder,
which latter act was intended to give notice to third persons
dealing with the property that it had been attached. It was
only then for the first time that it had in fact been attached;
and if the copy be first filed with the Recorder, and a copy
be afterwards served on the occupant or posted on the prem-
ises if there be no occupant, it is clear that during the inter-
val which elapsed between the filing and a service of a copy
on the occupant or the posting, as the case may be, the filing
of the copy could not impart notice of a fact which did not
exist, to wit: that the property *had* been attached; for it
could not be, in fact, attached in any case until after the
service on the occupant or the posting on the premises. It
is obvious, therefore, that the statute intended that the
service or posting of the copy should precede the filing of a
copy with the Recorder, " together with a description of the
property *attached.*" The property was then for the first time
attached; and this was the fact of which the filing was
intended to give notice. I am, therefore, of opinion that
the purchaser from the defendant in the attachment suit
took the title free from the alleged lien.

The doctrine of relation invoked by the plaintiffs has no
application to the question involved here; for, as we have

already seen, the filing of the copy with the Recorder could, in no event, operate as a constructive notice to Howard, unless preceded by the delivery of a copy of the writ to the occupant or the posting of the notice upon the premises, if unoccupied.

Judgment affirmed.