## John C. Low *vs.* David H. Blanchard.

Essex.   November 6. — 9, 1874.   Ames & Devens, JJ., absent.

The reënactment, without substantial alteration, of a statute already construed by this court, must receive the same construction as that statute.

Under the Gen. Sts. c. 85, § 2, a person who has lost money at gaming can recover from the owner, tenant or occupant of the house wherein it was lost, only such sums as are sued for within three months after their loss.

CONTRACT on the Gen. Sts. *c.* 85, § 2, against the defendant, as owner, tenant and occupant of a house, for the recovery of money lost therein by the plaintiff in gaming. Trial in the Superior Court, before *Lord*, J., who reported the case, after verdict, for the consideration of this court, in substance as follows :

The plaintiff upon the trial offered in evidence the report of an auditor, which found that the plaintiff had, at various times within a year before the date of the writ, lost at gaming in a certain house various sums of money ; and also evidence tending to prove that the defendant was the tenant and occupant of the house named.

The defendant requested the judge to instruct the jury that the plaintiff could in this action recover only the amount or amounts sued for within three months after the loss, but the judge declined so to instruct the jury, and admitted the evidence, but instructed the jury if they found for the plaintiff, to assess damages for the whole amount lost within one year, and also to find the amount lost by the plaintiff within three months before the date of his writ, to wit, the amount lost after January 13, 1872, the date of the writ being April 13, 1872. The jury found for the plaintiff, and assessed damages for the whole amount lost within one year as above in the sum of $4750.19 ; and found the sum lost after January 13, 1872, as above, to be $750.03.

If the court shall be of opinion that the plaintiff can recover for losses made within one year preceding the commencement of the

action, judgment is to be entered for the plaintiff for $4750.19, with interest from date of the verdict; but if the court shall be of opinion that the plaintiff can recover only the amount lost within three months before the same was sued for, then judgment is to be entered for the plaintiff in the sum of $750.03, with interest as aforesaid; and the case is reported to the Supreme Judicial Court for its determination, for which of said sums judgment shall be entered.

*S. B. Ives, Jr.*, for the plaintiff.

*W. D. Northend*, for the defendant.

GRAY, C. J. This action could not be maintained at common law, and depends entirely upon the statutes of the Commonwealth. *Babcock* v. *Thompson*, 3 Pick. 446.

By the earlier statutes of Massachusetts, any person losing money at gaming might recover it back by action commenced within three months; and if he did not sue within that time, any other person might sue for and recover treble the value thereof, one half to his own use, and one half to the use of the poor of the town in which the offence was committed. Prov. St. 1742 (16 Geo. II.) Anc. Chart. 542. St. 1785, *c.* 58.

The Revised Statutes of 1836 omitted the express limitation of three months in the clause permitting the loser to sue for the money lost; but still provided that, if he did not sue within three months, any other person might sue for and recover treble the value, one half to his own use, and the other to the use of the Commonwealth. Rev. Sts. *c.* 50, § 12.

The alteration in the terms of the statute raised a question of the effect of the omission of the express limitation; whether, on the one hand, the legislature had thereby repealed the special limitation of an action by the loser; or whether, on the other hand, such a limitation was still to be implied from the retaining of the provision that, if the loser did not sue within three months for the amount lost, any other person might sue for threefold that amount. The latter construction was adjudged to be the true one in *Plummer* v. *Gray*, 8 Gray, 243.

The legislature, in the subsequent revision and codification of the General Statutes, reënacted the provisions of the Revised Statutes, with no substantial alteration, except in one particular — which has no tendency to extend the right of the loser — of not

giving to the public a moiety of the treble value, when recovered by a third person. Gen. Sts. *c*. 85, § 1. And no further change in the statutes has since been made.

The legislature, by thus substantially reënacting, without material alteration, a statute which had been judicially expounded by this court, must be presumed to have intended that the same words should receive the same exposition and have the same meaning in the new statute as in the old one. *Grace* v. *McElroy*, 1 Allen, 563, 566. *Cronan* v. *Cotting*, 104 Mass. 245, 249.

As this view of the case is decisive, it is unimportant to consider how far it would be appropriate to say, with Chief Justice Shaw, in 8 Gray, 244, that the statute must be strictly followed; or, with Mr. Justice Dewey, in 1 Allen, 565, 566, that it should be construed liberally; or what interpretation of it we should adopt, if it were a new question.

The present action is not indeed brought against the winner, but against the owner, tenant and occupant of the house in which the money was lost by gaming. But the St. of 1837, *c*. 179, (which first made such a person liable, and was passed long before the decision in *Plummer* v. *Gray*,) as well as the reënactment thereof in the Gen. Sts. *c*. 85, § 2, expressly provides that he shall be liable to an action " in the same manner and to the same extent as the winner thereof is liable by the provisions of " the Rev. Sts. *c*. 50, § 12, and the Gen. Sts. *c*. 85, § 1, respectively.

It follows that the plaintiff is entitled to recover only so much of the money sued for as was lost within three months before the bringing of this action, and that, according to the terms of the report upon which the case has been reserved for our determination, there must be

*Judgment for the plaintiff for the smaller sum.*