## MARCUS R. KIFF *vs.* OLD COLONY & NEWPORT RAILWAY COMPANY.

Bristol. Oct. 27, 1874.—June 23, 1875. COLT & AMES, JJ., absent.

Under the St. of 1869, *c.* 415, § 30, reënacting the Gen. Sts. *c.* 86, § 28, intoxicating liquors are not liable to attachment.

An officer, who attaches goods exempt by law from attachment, is a trespasser.

If goods exempt from attachment are taken from a carrier by an officer, who attaches them as the property of the owner, it is no defence, to an action against the carrier by the owner for failure to deliver the goods, that they were taken from him against his will and without fraud or collusion on his part, or that he was ignorant of the nature of the goods, and supposed the attachment to be valid.

TORT, with a count in contract, against the defendant as a common carrier, for a failure to deliver certain property described in the declaration as spirituous liquors, and alleged to be of the value of $713.

At the trial in the Superior Court, before *Bacon*, J., the plaintiff offered evidence tending to show that the property was his, was shipped by him, and came into the possession of the defendant as a common carrier, and was so in its possession at Boston in due course of transportation to Belfast, Maine ; that the defendant failed to deliver it to him at Boston on demand.

The defendant then offered evidence tending to show that on the day the goods were received by it at Boston, they were taken from its possession by Robert S. Carroll, a duly appointed and qualified constable of the city of Boston, without fraud or collusion on its part, against its will, and with no knowledge that they were spirituous liquors, on a legal and valid writ of attachment, having an *ad damnum* of three hundred dollars, against the plaintiff in the case at bar and in favor of William F. Nye.

The defendant then requested the judge to rule, that if the goods were taken from its possession on a legal and valid writ of attachment against the plaintiff, by a proper officer, without fraud or collusion on its part, against its will, and with no knowledge that they were spirituous liquors, it was not liable for a failure to deliver the goods to the plaintiff. The judge declined so to rule, and ruled that the goods were not liable to be taken on a writ of attachment against the owner ; that the facts offered to be shown by the defendant constituted no defence to this ac-

tion, and that the only question for the jury was the value of the property at the time the defendant failed to deliver it to the plaintiff, to which the defendant alleged exceptions.

The judge, after verdict reported the case for the consideration of this court; if the rulings for the plaintiff were sustained, judgment to be entered on the verdict; if not, the verdict to be set aside.

*J. H Benton, Jr.*, for the defendant.

*C. W. Clifford*, for the plaintiff.

GRAY, C. J. In *Ingalls* v. *Baker*, 13 Allen, 449, it was adjudged by this court, upon full consideration of the provisions of the General Statutes and of the previous legislation of the Commonwealth upon the subject now before us, that the Gen. Sts. *c.* 86, § 28, prohibiting the sale of intoxicating liquors, directly or indirectly, except as authorized in that chapter, and containing no exception of sales by officers under legal process, manifested the intention of the Legislature that intoxicating liquors should not be sold on execution, and therefore such liquors could not be lawfully attached on mesne process.

In 1868, the Legislature passed a new act to regulate the sale of intoxicating liquors, which provided that " nothing herein contained shall apply to sales made by sheriffs, deputy sheriffs, coroners, constables, collectors of taxes, executors, administrators, guardians, assignees in insolvency or bankruptcy, or any other person required by law to sell personal property ; " and that " the eighty-sixth chapter of the General Statutes, and all acts and parts of acts inconsistent herewith, are hereby repealed." St. 1868, *c.* 141, §§ 1, 26.

But in 1869, the Legislature again revised the whole law upon the subject, reënacted the provision of the Gen. Sts. *c.* 86, § 28, and expressly repealed the previous statutes, including the St. of 1868, *c.* 141.   St. 1869, *c.* 415, §§ 30, 65.

These statutes of 1868 and 1869 were passed after, and it must be presumed with full knowledge of, the decision in *Ingalls* v. *Baker*.   The conclusion is inevitable that the Legislature, when they repealed the St. of 1868, *c.* 141, and reënacted the provision of the Gen. Sts. *c.* 86, § 28, intended that the exception introduced by the St. of 1868, and which had been held by this court not to exist under the General Statutes, should not exist for the

future and that the law of the Commonwealth should be as declared in *Ingalls* v. *Baker*. *Low* v. *Blanchard*, 116 Mass. 272, 274.

It follows that the plaintiff's liquors were not liable to attachment, the attachment of them was illegal, and the officer who attached them a trespasser. *Bean* v. *Hubbard*, 4 Cush. 85. *Deyo* v. *Jennison*, 10 Allen, 410, 413.

Every common carrier of goods being in the nature of an insurer, liable — upon grounds of public policy, and to guard against the possibility of fraud and collusion on his part — for all losses, even by accident, trespass, theft, robbery, or any kind of unlawful taking, and excepting only those arising by act of God or of public enemies, it also follows that it was rightly ruled at the trial that the facts offered to be shown by the defendant corporation constituted no defence to this action against it as a common carrier. 2 Kent Com. (12th ed.) 597. *Coggs* v. *Bernard*, 2 Ld. Raym. 909, 918; *S. C.* 3 Salk. 11. *Edwards* v. *White Line Transit Co.* 104 Mass. 159. *Adams* v. *Scott*, Ib. 164, 166.

*Judgment on the verdict for the plaintiff.*