[File No. 6192.]

H. E. DICKINSON, Respondent, v. FIRST NATIONAL BANK OF CODY, WYOMING, a Banking Corporation, Appellant.

(252 N. W. 54, 93 A.L.R. 739.)

(Opinion filed December 28, 1933.)

*Fisk, Craven & Taylor,* for appellant.

*Burdick & Burk,* for respondent.

BURKE, J. This is an action to determine adverse claims to the

north half of the northeast quarter and the east half of the northwest quarter, also described as Lots one, two and three and southeast quarter of the northwest quarter of section two, in township one hundred fifty-three, range one hundred two.

The complaint is in the statutory form and the defendant, in its answer, claims title to said land under and by virtue of a sheriff's deed, executed by the sheriff of Williams county, on a sale of said premises on special execution in an attachment proceeding. According to the facts, as stipulated, on June 1, 1931, an attachment was issued in an action in which the defendant, the First National Bank of Cody, Wyoming, was plaintiff and B. G. Edgerton, the record title owner of said land, was defendant and by authority of said warrant of attachment the sheriff of Williams county levied upon said described land. On the 2nd day of June, 1931, the said sheriff made a true and complete inventory of the property attached, but no inventory was filed in the office of the clerk of the district court until August 17, 1931. Thereafter, judgment by default was rendered in favor of the said bank and against said B. G. Edgerton in the sum of $3,896.56, upon which judgment a special execution was issued and said land was sold to the said bank for the sum of $936.57. The sheriff's report of the sale was duly executed and upon the filing of the same the sale was confirmed by an order of the district court. On June 17, 1926, for value, the said Edgerton executed and delivered to the plaintiff, H. E. Dickinson, a deed of conveyance of the said land and on the 29th day of July, 1932, the plaintiff brought this action.

It does not clearly appear in the stipulated statement of facts that the attachment action was against a nonresident defendant, but it does appear in appellant's statement of facts that the judgment in the attachment proceeding was by default, and there are other statements from which we conclude that the attachment action was against a nonresident defendant. The trial judge made findings of fact and conclusions of law favorable to the plaintiff and the defendant appeals.

The levy of the attachment was made on the first of June, 1931, and an inventory of the property levied upon was made on the 2nd day of June thereafter, but this inventory was not filed with the clerk of the district court, who issued the warrant, within twenty days after seizure

of the property, and the sole question is, was the failure to file the inventory, as required by law, fatal.

Section 7546, Compiled Laws 1913, reads as follows: "Immediately upon making such seizure the sheriff shall make a true and complete inventory of all the property so seized and the books, vouchers and papers taken into his custody, stating therein the estimated value of the several articles and kinds of personal property, enumerating such of them as are perishable, and giving a description of the real property so attached, which inventory must be signed by the sheriff. Any subsequent execution of the warrant of attachment upon other property of the debtor must be made, and an inventory thereof made in like manner. *The sheriff shall within twenty days after making such seizure file such inventory and a return of his doings upon such attachment with the clerk of the district court who issued the warrant.*"

The precise question in an attachment proceeding has never been before this court, but it was before the supreme court of South Dakota in the case of Interstate Surety Co. v. Bangasser, 50 S. D. 618, 211 N. W. 599, and the history of attachment legislation in the territory as it was originally adopted in 1867–1868 (Laws of Dakota), pages 52–59, together with the subsequent amendments, are reviewed and quoted at length.

Section 203, Code of Civil Procedure, Revised Code of 1877, required the making of an inventory of the property seized, but did not require the filing of such inventory.

In 1887, the legislature enacted Chapter 24 of the Laws of 1887, entitled "An Act to Amend § 203 of the Code of Civil Procedure Relating to the Filing of Papers in Proceedings by Attachment." "Section 1. When the papers shall be filed by the sheriff. That section two hundred and three of chapter eleven of the Code of Civil Procedure be and the same is hereby amended by adding thereto the following words: 'And such officer shall within twenty days after making such seizure, file all of said papers, including said inventory and return, with the clerk of the district court who issued the warrant.' "

This amendment was construed by the South Dakota court in the case of Carson v. Fuller, 11 S. D. 502, 78 N. W. 960, 74 Am. St. Rep. 823, cited and approved on this point in Guernsey v. Tuthill, 12 S. D. 584, 82 N. W. 190, and holding that the amendment in effect

establishes a return date for the process and was mandatory. The South Dakota court, in Interstate Surety Co. v. Bangasser, supra, states "that § 2442, S. D., Rev. Code 1919, was brought into our law by the commissioners who prepared the Revised Code of 1919, being taken from North Dakota (N. D. Comp. Laws 1913, § 7545)." This section relates to the levy and first appears in our code as § 5362, Revised Code of 1895. The South Dakota court continues as follows: "In view of the history of the various provisions of our statute and the re-enactment of all thereof in the Code of 1919 subsequent to the decision in Carson v. Fuller, supra, we are of the opinion that the 20-day period for filing the inventory and return prescribed by § 2437 is mandatory and is a restriction upon the unlimited general provision for filing the return set out in § 2450, Rev. Code 1919, and while the lien of the attachment is effectual from the time a proper levy is made, as provided by § 2442, Rev. Code 1919, yet such lien is subject automatically to be lost and divested ab initio, if within 20 days after the seizure the sheriff fails to file his inventory and warrant together with his return thereon, as prescribed by § 2437." S. D. Comp. Laws 1929, § 2437.

Section 217, Code of Civil Procedure, 1877, as originally adopted, does require the officer making the levy to make a return as follows: "Section 217. Return by officer. When the warrant shall be fully executed or discharged, the sheriff must return the same with his proceedings thereon, to the court in which the action was brought." This section has been continued in our statute without change and is § 7566, Compiled Laws 1913. Under this section there is no time fixed for the return, in which case, the universal rule would be that the return would have to be made within a reasonable time.

The amendment of 1887 requiring the filing of an inventory and return within twenty days is not in conflict with § 7566, Compiled Laws 1913. Section 7566 requires the officer to make a return of the warrant with his proceeding thereon when it is fully executed. The amendment of '87 provides that the sheriff shall within twenty days after making such seizure file such inventory and a return of his doings upon such attachment with the clerk of district court who issued the warrant. In the course of an action in attachment the sheriff may make several seizures of the property at different times and every time

he makes a seizure he must, "within twenty days after making such seizure, file all of said papers, including said inventory and return." Under § 7566 when the warrant is fully executed and discharged he makes his final return.

The commission, authorized by law to revise and codify the laws of North Dakota, in 1895 reported to the legislative assembly seven bills providing for seven different codes embracing the entire statutory law of the state. The title of one of the bills is "This act shall be known as the Code of Civil Procedure." Article 4 of this act relates to attachment. Section 5352 names and defines seven conditions, any one of which is cause for an attachment and, of course, is mandatory and jurisdictional. Section 5353 names certain conditions under which an attachment may issue in an action on a claim not due. The conditions must, as a matter of course, exist or the action cannot be maintained and hence is jurisdictional. Section 5355 provides that the warrant shall be issued by the clerk of the court in which the action was commenced and shall be attested in the name of the presiding judge and sealed with the seal of the court and is a mandatory provision. Section 5356 provides that the warrant shall issue upon a verified complaint and an affidavit stating one or more of the grounds of attachment and is mandatory. Section 5357 states the requirements of the warrant and to whom it should be issued and is mandatory. Section 5358 requires an undertaking with sufficient sureties and is mandatory. Section 5359 provides that the plaintiff, at the time of procuring the warrant, must file in the office of the clerk of court in which the action is commenced the complaint, affidavit and undertaking upon which such warrant is issued and is mandatory. Section 5360 provides that the sheriff must execute the warrant by levying upon so much of the personal and real property of the defendant within his county, not exempt from execution, as will satisfy the plaintiff's demand with the costs and disbursements. He must take into his custody all of the books of account, the vouchers and other papers relating to the personal property attached and all evidence of defendant's title to the real property attached, which he must safely keep, to be disposed of as prescribed in this action. The sheriff, to whom the warrant of attachment is delivered, may levy, from time to time and as often as is necessary, until the amount for which it is issued has been secured or a final judgment

has been rendered in the action. This section was § 202 of the Code of Civil Procedure, § 4998 of the Compiled Laws of 1887 and was amended by the commission and passed by the legislature as amended. Section 5361 was § 203 of the Code of Civil Procedure and § 4999 of the Compiled Laws of 1887. This section was amended by the commission and as amended re-enacted and passed by the legislature.

The provision following subdivision 4 of § 5362, Revised Code of 1895, § 7547, Compiled Laws 1913, namely, "The lien of the attachment shall be effectual from the time when a levy is made in accordance with the foregoing provisions" simply fixes the time when the attachment becomes a lien for the purpose of determining its priority over other liens or claims of title and does not mean that a compliance with § 7547 fixes an absolute unassailable lien. In order to be valid, every other mandatory provision of the provisional remedy of the attachment must be strictly in accordance with the statute. Some statutes require the service of an inventory of the property seized at the time of the service of the writ; others require that an inventory of the property shall accompany the return of the sheriff, but our statute, 5361, Revised Code of 1895, § 7546, Compiled Laws 1913, requires the sheriff upon making a seizure to make a true and complete inventory of all the property so seized and the books, vouchers and papers taken into his custody under § 7545, Compiled Laws 1913, stating the estimated value of the several articles and the kinds of personal property enumerating each of them as are perishable and giving a description of the real property attached. If, thereafter, he levies upon other property, he must likewise make an inventory of such property as often as he makes a levy and then he shall within twenty days after making such seizure file such inventory and a return of his doings upon such attachment with the clerk of the district court who issued the warrant. If this provision is not mandatory, then it serves no purpose, for § 5381, which was also amended and re-enacted in the Revised Code of 1895, provides that when the warrant shall be fully executed or discharged the sheriff must return the same with his proceedings thereon to the clerk of the district court in which the action was commenced.

The amendment to § 203 of the Code of Civil Procedure added thereto the following: "And such officer shall within twenty days after

making such seizure file all of said papers including said inventory and return with the clerk of the district court who issued the warrant." The subject of this amendment is *the filing of the papers in proceedings for attachment* and it is added to a section which refers only to an inventory, or inventories, and as revised by the commission and passed by the legislature in 1895 it was amended to read as follows: "the sheriff shall within twenty days after making such *seizure file such inventory and a return of his doings upon such attachment* with the clerk of the district court who issued the warrant," and there was added the further amendment, viz.: "in case a forthcoming undertaking is given by the defendant under the provisions of section 5357 for property before a levy has been made thereon the sheriff shall make and return an inventory of such property in accordance with the provisions of this section." The amendments to § 202, Code of Civil Procedure, § 4998, of the Laws of 1887 and § 203 of the Code of Civil Procedure, § 4999 of the Compiled Laws of 1887 as amended in §§ 5360 and 5361 of the Revised Code of 1895, show that the commission that revised the law and the legislature that re-enacted it had both sections under consideration and intentionally left them in the statute as a part of the proceedings for obtaining an attachment. To give effect to § 5361, Revised Code 1895, § 7546, Compiled Laws 1913, it must be held to be mandatory or otherwise it is nugatory. The legislature has said specifically that "the sheriff shall within twenty days after making such seizure file such inventory and a return of his doings upon such attachment with the clerk of the district court who issued the warrant" and the enactment of such a law is entirely within its discretion and beyond the discretion of the courts.

In the case of Ireland v. Adair, 12 N. D. 29, 94 N. W. 766, 102 Am. St. Rep. 561, the sheriff served upon Pearce and La Du, executors of James Adair, deceased, by leaving with them true and correct copies of the summons, affidavit of attachment, undertaking on attachment and warrant of attachment. There was no claim that the summons, affidavit, undertaking and warrant were defective in any way, and if not defective they would show a cause of action in favor of the plaintiff and against the defendant and a writ under which the sheriff was required to attach the property of the defendant, but the court held that it was not sufficient because in addition to the service of the war-

rant he did not also serve the notice required by subdivision 4 of § 5362. See also Johnson v. Ranum, 62 N. D. 607, 244 N. W. 642.

"It is . . . a settled rule in a series of cases that any material departure from the requirements of these statutes will vitiate the proceeding and render it utterly void." 2 R. C. L. p. 826, § 33; Ireland v. Adair, 12 N. D. 29, 94 N. W. 766, 102 Am. St. Rep. 561; Murphy v. Montandon, 3 Idaho, 325, 29 P. 851, 35 Am. St. Rep. 279; Erwin v. Commercial & R. Bank, 3 La. Ann. 186, 48 Am. Dec. 447; Cross v. McMaken, 17 Mich. 511, 97 Am. Dec. 203; Langtry v. Wayne Circuit Judges, 68 Mich. 451, 36 N. W. 211, 13 Am. St. Rep. 352; Duxbury v. Dahle, 78 Minn. 427, 81 N. W. 198, 79 Am. St. Rep. 408; . White v. Johnson, 27 Or. 282, 40 P. 511, 50 Am. St. Rep. 726; Maples v. Tunis, 11 Humph. 108, 53 Am. Dec. 779; 76 Am. St. Rep. 800, note; 82 Am. St. Rep. 75, note; 102 Am. St. Rep. 564, note; Watts v. Willett, 2 Hilt. 212; Tiffany v. Glover, 3 G. Greene, 387; Gow v. Marshall, 90 Cal. 565, 27 P. 422; Maskey v. Lackmann, 146 Cal. 777, 81 P. 115; Main v. Tappener, 43 Cal. 206; Kiff v. Old Colony & N. R. Co. 117 Mass. 591, 19 Am. Rep. 429.

"The return is a necessary part of the proceeding, for by it alone the court is advised of the levy and its sufficiency, by which, in case there is no personal service of the defendant, jurisdiction is acquired, and without which the court cannot proceed to the final adjudication of the cause." 6 C. J. § 477, p. 246. Citing Georgia, Illinois, Iowa, Mississippi, Texas, Virginia and Arkansas.

"No lien is created, unless the officer making the levy also makes an inventory and appraisement of the land and then a return that it is attached." Shinn, Attachm. § 219, p. 437; Tomlinson v. Stiles, 28 N. J. Law 201.

Appellant insists that § 7546, Compiled Laws 1913, relating to the making and filing of the inventory applies only to personal property, but the statute says all property and specifically provides that the inventory shall give a description of the real property attached. This same question was raised in the case of Tomlinson v. Stiles, 28 N. J. L. at page 203. The New Jersey Court said: "By the act of 1748 an inventory or appraisement of the personal property only was required. But by the acts of 1798 (Paterson Laws, 296, § 4), the officer executing the writ is required to make an inventory of all the

property and estate of the defendant by him attached. The language clearly includes the real as well as personal estate attached, and the change in the phraseology is so marked as to render it certain that it was designed to effect the change in the statute itself. The uniform construction of the statute of 1798, has been in accordance with its literal meaning, and it has been held necessary for the sheriff to attach, inventory and appraise, as well the real as the personal estate of the defendant. . . . If no property be inventoried or appraised, no judgment in attachment can be rendered. The proceeding is in rem, and operates only upon the property attached."

In attachment cases the levy takes the place of service when no steps have been taken to acquire jurisdiction of the defendant personally and he has not appeared and answered or otherwise submitted himself to the jurisdiction of the court. The court is without jurisdiction to render a judgment until there has been a lawful seizure of the property owned by him within the jurisdiction of the court and then only after lawful return of such seizure has been duly entered. Tuells v. Torras, 113 Ga. 691, 39 S. E. 455; Alright-Pryor Co. v. Pacific Selling Co. 126 Ga. 498, 55 S. E. 251; 6 C. J. § 543, p. 238.

"An inventory of the property seized is required by some statutes as one of the steps necessary to complete service and return of the writ, in which case there can be no lien acquired without such an inventory." Shinn, Attachm., 231.

The proceedings in attachment must in all respects follow the statutes authorizing them or no lien will be created and the return of the writ, being required by the statute, is necessary to create a lien upon the property seized. Fairbanks v. Bennett, 52 Mich. 61, 17 N. W. 696.

"When the statute requires the sheriff to return, with his writ a full inventory of the attached property, it is imperative that it be done." Shinn, Attachm. 223; Williams v. Babbitt, 14 Gray 14, 74 Am. Dec. 670; Russ v. Butterfield, 6 Cush. 242.

"The writ ordinarily is required to be returned within a specified time, and this provision is held to be mandatory." 2 R. C. L. 843, § 54, citing Carson v. Fuller, 11 S. D. 502, 78 N. W. 960, 74 Am. St. Rep. 823; Bemis v. Leonard, 118 Mass. 502, 19 Am. Rep. 470; 49 L.R.A. 223, note.

Appellant relies upon the case of Mott v. Holbrook, 28 N. D. 251, 148 N. W. 1061. This was an action upon a promissory note aided by an attachment proceeding. The defendant in the action appeared and confessed judgment. This court, at page 256, said: "On December 21, 1903, the note being past due, this defendant began an action as plaintiff against Alice J. Dahl as defendant by the issuance of a summons, filing of a verified complaint on promissory note, and procured a warrant of attachment out of the district court of Ramsey county, directed to the sheriff of Pierce county as attaching officer, and regularly issued upon an undertaking and affidavit for attachment, which warrant was served the following day, December 22d, by the sheriff of Pierce county, by the recording in the office of the register of deeds of said county a notice of levy upon and describing the land in that county owned by Alice J. Dahl; and in due season, within the twenty-day period allowed, the sheriff of Pierce county made due return thereon to, and filed the same in the office of, the clerk of district court of Ramsey county." Again on page 259 the court said: "The proceedings in the action of Holbrook against Dahl, including the levy of the attachment and the sheriff's return thereon, are valid, and were taken in strict conformity to the statute. Thereby plaintiff obtained a quasi jurisdiction in rem against the property to be perfected by subsequent substituted or personal service upon the defendant Dahl."

In that case the law relating to the attachment was complied with in every respect and the warrant was returned with the officer's return thereon within the twenty day period.

The case of Bingenheimer Mercantile Co. v. Horning, 63 N. D. 591, 249 N. W. 321, was an action to recover possession of certain personal property upon which plaintiff claimed a mortgage lien past due and the purpose of the action was to get possession of the property to foreclose said lien. The summons, complaint, affidavit, undertaking and requisition were served upon the defendant, who appeared and answered. The sheriff failed to file the papers within the twenty days as required by § 7527, Compiled Laws 1913, and thereafter the defendant moved to dismiss both claim and delivery proceedings on the ground that § 7527, Compiled Laws 1913, had not been complied with. The court granted the motion and ordered the claim and delivery proceedings dismissed and the property seized thereunder returned by the sheriff

to the defendant. From these orders plaintiff appealed. In that case this court said: "We have not overlooked the case of Guernsey v. Tuthill, 12 S. D. 584, 82 N. W. 190, an action upon a sheriff's bond, wherein it is suggested that a statute identical with § 7527, supra, should receive the same construction and be given the same effect as that given to the statute requiring the filing of a return in an attachment action. Even though the rule in attachment be that the failure of the officer to make his return vitiates his proceedings under the warrant (we do not now pass upon this point)." We cannot agree that the cases are the same. "In attachment the statute requires the sheriff to make a return of the warrant to the court whence it is issued. See §§ 7546 and 7566, Comp. Laws 1913. Oftentimes the court's jurisdiction to proceed depends upon the levy under the warrant. So the return is a necessary part of the proceeding. 6 C. J. 246, et seq. But claim and delivery is merely an auxiliary remedy in an action to recover the possession of personal property. The court acquires jurisdiction, not by the taking of the property and the filing of the notice and affidavit with the officer's proceedings thereon, but by the service of the summons and complaint."

The action to recover possession of personal property or claim and delivery is a modified form of the old common law action of replevin, and is not subject to the strict rule required in an attachment proceeding.

The case of Martinez v. Martinez, 2 N. M. 464, was an action of replevin in the justice peace court. The affidavit was defective and on appeal to the district court the defendant moved to quash the writ on the ground, among others, that the affidavit or verified complaint filed did not allege that the plaintiff had a right to the possession of the colt in question. The motion was sustained by the court, and on appeal to the supreme court the court said: "The action of replevin is not an extraordinary remedy in derogation of the common law, like the proceeding by attachment. On principle, the owner of personal property ought to have the same right to recover the possession of it in specie when wrongfully detained, as he has to recover a debt, and in either proceeding the law should be equally liberal in allowing amendments in furtherance of justice."

This we think is a proper distinction between attachment and claim

and delivery. In claim and delivery the gist of the action is the right to the possession of the property. The plaintiff may be entitled to the possession of the property as owner or as having a lien thereon; he may be entitled to it under a contract of hire or in many other ways, all depending upon the facts.

In an action in claim and delivery the amount of the redelivery bond of the defendant, who seeks the redelivery of the property, is fixed by the value of the property as alleged in the affidavit for claim and delivery (Comp. Laws 1913, § 7521); while in an attachment proceeding the amount of the bond given to discharge the attachment is fixed by the value of the property as alleged in the sheriff's inventory of the property attached.

There is no provision for the service of the inventory upon the defendant. Under § 7555 a defendant may, at any time after he has appeared in the action and before final judgment, apply to the clerk who issued the attachment, or to the court, to discharge the attachment as to the whole, or any part, of the property attached, and, under § 7556, he is required to fix the amount of the undertaking to discharge the attachment in an amount equal to the value of the property according to the sheriff's inventory, which must be filed within twenty days after the seizure of the property in the office of the clerk of the district court.

An attachment proceeding is purely a statutory proceeding for the purpose of establishing a lien to aid in the collection of a debt, and the only way that this lien can be established is by strictly following every provision of the statute.

In the instant case it was necessary to make and file the inventory and return within twenty days from the time the property was seized because the statute requires it to be done and the failure to comply with the statute renders the whole proceeding void.

The judgment is affirmed with costs.

BURR, Ch. J., and NUESSLE, J., concur.

MOELLRING, J., did not participate.

CHRISTIANSON, J. (dissenting). The sole ground for attack upon

the judgment involved in this action is that the sheriff did not file an inventory with the clerk of the district court who issued the warrant of attachment within twenty days after the sheriff made levy under such warrant.

The levy in this case was made June 1, 1931. It is stipulated as a fact "that immediately thereafter and on the second day of June, 1931, the sheriff made a true and complete inventory of all the property so attached but no inventory was filed in the office of the clerk of the district court of Williams county, North Dakota, until the 17th day of August, 1931." Judgment was entered August 19, 1931.

There is no claim that the sheriff did not file a return of his doings upon the warrant within twenty days after the levy. So far as the record presented on this appeal shows, the return of the sheriff on the warrant of attachment showed precisely what he did, including a recital of the property attached. The sole defect claimed is that the sheriff did not within twenty days after the levy file the inventory with the clerk of the district court as required by § 7546, Comp. Laws 1913. Did the failure of the sheriff to file such inventory within twenty days invalidate the levy previously made and the judgment subsequently rendered? The question thus presented is in the last analysis one of statutory construction. Did the legislature intend that this failure should destroy the levy formerly made and, ipso facto, destroy the attachment? I think not. There is no declaration to that effect in the statute. It would seem that if the legislative assembly had so intended it would have so stated in express language. The act in question is one with which the sheriff alone is chargeable. It is not one to be performed by the plaintiff or his attorney. Elsewhere the legislature has provided that even the failure of the sheriff to serve the warrant of attachment or warrant of levy "shall not invalidate the levy, but the sheriff shall be liable to the person whose property is attached for any damages which he may sustain by reason of such failure." Comp. Laws 1913, § 7549. I do not believe the lawmakers intended that failure to file the inventory within the twenty day period should ipso facto vacate the levy and terminate the attachment proceeding.