[Civ. No. 5597.   Third Appellate District.—December 23, 1936.]

ALPHA STORES, LTD. (a Corporation), Respondent, v. YOU BET MINING COMPANY (a Corporation), Appellant.

Elizabeth M. Maxwell for Appellant.

W. E. Wright and Vernon Stoll for Respondent.

THOMPSON, J.—This is an appeal from an order denying defendant's motion to vacate an attachment on real property which was levied in the above-entitled action. It is contended the levy was void for failure to serve upon the occupant of the property a copy of the notice of attachment.

Complaint was filed in Nevada County, August 14, 1935, against the defendant for an indebtedness represented by an open book account. Summons was immediately issued thereon. Upon proceedings duly had pursuant to section 537 of the Code of Civil Procedure, a writ of attachment was issued on the same day. The defendant is a one-man mining corporation controlled by Ogden C. Chase, who owns substantially all of the capital stock thereof. E. A. McGhie was the general manager of the corporation in charge of the property. August 15, 1935, Carl T. Larsen, deputy sheriff of Nevada County, personally served on E. A. McGhie, who acknowledged that he was the occupant of the property, copies of the complaint, summons, notice of attachment and writ of attachment as required by the provisions of section 542 of the Code of Civil Procedure. Two keepers were then placed in charge of the property. At the request of the officers of the mining corporation the keepers were removed on August 17th, and the defendant was permitted to continue the operation of the mine. The defendant failed to appear or answer the complaint. The default of the defendant was entered September 10, 1935, and judgment by default was accordingly rendered. The defendant's motion to set aside the judgment for an alleged failure to serve the summons was denied. On appeal that judgment was affirmed by an opinion of this court, which

was filed this day. (*Ante*, p. 249 [63 Pac. (2d) 1137].) At the same time the defendant moved to quash the levy of attachment on the real property on the ground that it was void for failure to serve upon the occupant of the property a *notice of attachment* together with the other documents required by section 542 of the Code of Civil Procedure.

The appellant contends that the evidence fails to show that Mr. McGhie, upon whom the attachment papers were served, was the occupant of the property, and that the evidence also fails to prove that a copy of the *notice of attachment* was served upon the defendant. The motion to quash the levy of attachment was heard on affidavits together with some oral testimony. The evidence regarding both of these issues is conflicting. The record is presented to this court on a settled bill of exceptions.

While the affidavit of E. A. McGhie, which was filed on this motion, avers that he was neither the general manager nor the occupant of the defendant's property, there is an abundance of evidence to support the implied finding of the court that he was both the general manager and the occupant of the premises. Several witnesses asserted that he admitted those facts. Circumstances and business transactions were related which strongly support the conclusion that he was both the general manager of the mining enterprise and the occupant of the premises at the time of the service of the complaint, summons and attachment papers in this action. The order of the court denying the motion to vacate the levy of attachment is adequately supported in that regard.

We are also of the opinion the evidence sufficiently supports the fact that the *notice of attachment* was personally served on the occupant of the premises. The procedure which is required for a valid levy of attachment is prescribed by section 542, subdivision 1, of the Code of Civil Procedure. It declares that

"Real property, standing upon the records of the county in the name of the defendant, must be attached, by filing with the recorder of the county a copy of the writ, together with a description of the property attached, *and a notice that it is attached,* and by leaving a similar copy of the writ, description and notice with an occupant of the

property, if there is one; if not, then by posting the same in a conspicuous place on the property attached."

It is conceded these documents were not posted on the premises. The posting of the attachment papers was, however, not necessary except as an alternative method of giving notice thereof in the event they could not be personally served on an occupant of the premises. In the present case, they were personally served on the occupant and it was therefore not necessary to also post them.

■ In support of the contention that the notice of attachment was actually served on the occupant of the premises in addition to the writ of attachment and description of the property, the affidavit of Carl T. Larsen, deputy sheriff of Nevada County, who personally served the documents, avers:

"That on the 15th day of August, 1935, he served a copy of the writ of attachment . . . and a copy of the summons issued in said action upon E. A. McGhie . . . (who admitted) that he was in charge of the said property; . . . that he would accept the service of the said writ of attachment and the said summons on behalf of the said defendant corporation and deliver the same to Ogden C. Chase (the president) that same evening; . . . (he admitted) that he was an occupant in charge and acting general manager thereof at the time. . . .

"Your affiant further states that *notice of said attachment,* issued in the above entitled action *was duly and legally served* upon the defendant, the You Bet Mining Company. . . .

"I recorded in the office of the recorder . . . the original writ of attachment *and attached thereto a notice of an attachment* of real property, with the description of the real property."

Two days after the service of the complaint, summons and attachment papers, the president and officers of the mining corporation, including Mr. McGhie, met the president and other representatives of the plaintiff corporation in the office of its attorney, W. E. Wright, in Nevada City. The affidavit of Fred F. Cassidy, president of the plaintiff corporation, was filed, in which he averred that all parties thoroughly discussed the pending suit and attachment; that Mr. Chase, president of the defendant corporation, in the

presence of Mr. McGhie, admitted that he "received all of the papers in the above entitled action, to-wit, *a copy of the notice of attachment,* and a copy of the summons and complaint in the said action". He averred that the defendant's officers conceded that it owed the debt charged in the complaint, but they were anxious to have the keepers of the property under the attachment proceedings withdrawn so that they could continue to operate the mine and remove the free ore; that this was agreed upon, and that plaintiff's attorney was authorized to dismiss the keepers with the understanding that the attachment was to remain in force. This was immediately done. Mr. Tobiassen, sheriff of Nevada County, was also present at that meeting in Wright's office and corroborated the statements made by Mr. Cassidy. His affidavit was filed in which he averred, among other things, that Mr. Chase said "they did not blame the plaintiff for filing the said suit *and levying the said attachment,* as they did not dispute the said bills sued upon". Mr. Durbrow, manager of the Nevada irrigation district, was also present at that conference, and his affidavit was also filed, in which he avers that Mr. Chase in the presence of McGhie, Cassidy and others thoroughly discussed "the situation (regarding) *the levying of the attachment,* and the summons and complaint thereof". There can be no doubt from this evidence that the officers of the defendant corporation had full knowledge of the entire proceeding, and assumed that the mining property had been formally and legally attached. The very purpose of the conference was to procure the plaintiff to recall the keepers of the property whom they assumed were in legal charge of the premises, so that they might continue to operate the mine and remove the free ore. To this plan the plaintiff consented and on that account it removed the keepers.

It is not questioned that Carl T. Larsen "recorded in the office of the recorder . . . the original writ of attachment, *and attached thereto a notice of an attachment* of real property, with the description of the real property", as he swore that he did. It seems very improbable that the notice of attachment would be properly attached to the writ and description of property which were duly recorded and that the notice should have been omitted from the attachment papers which were served on Mr. McGhie. Mr. Larsen posi-

tively swears that he did serve a copy of the notice of attachment. It is true that he does not always distinguish between the writ of attachment and the *notice* of attachment in his general testimony. It seems perfectly natural that an officer might assume that the "service of an attachment" included all of the necessary documents incident thereto. In an oral examination of Mr. Larsen by the defendant, in response to questions propounded by defendant's counsel, he did further say:

"I testified on direct examination that I served a copy of the writ of attachment and the description of the property to be attached upon one E. A. McGhie; that (referring to a document which was exhibited to him) is a copy of the original writ that was served. I served a copy of the description of the property but it was not attached to the writ."

This is not an admission that he did not also serve the notice of attachment. He had previously positively said that he did serve it. The mere omission to mention the notice in this last oral examination furnishes no convincing evidence, in view of his former positive statement, that he did not serve it. If counsel for the defendant desired or expected Larsen to admit he did not serve the notice as distinguished from the other documents, in all fairness he should have been asked that direct question.

In the opinion which the trial judge filed, preliminary to denying defendant's motion to quash the levy of attachment, he did inadvertently state that the sheriff admitted that no notice was left with the occupant of the property. This is clearly a mistake, for the sheriff did not serve the papers. It was Mr. Larsen, the deputy sheriff, who served them. We have carefully examined the entire record and do not find any statement to the effect that either the sheriff or the deputy sheriff conceded that the notice was not served on the occupant. In fact, Mr. Larsen insisted that he did serve him with notice.

But this inadvertent statement is immaterial, for the opinion of the court is no part of the order denying the motion to quash the levy of attachment. It has been repeatedly held that the reasons given by the trial court for rendering a judgment or making an order are immaterial so long as

the order or judgment is adequately supported by the record. In the present case there is ample evidence to support the order on the theory that the notice of attachment was actually served on the occupant of the property.

The trial court held that the conduct of the officers of the defendant corporation constitutes a waiver and estoppel on its part as between the parties to this action, with respect to any defect of service or omission which may have existed with relation to the levying of the attachment. There is no doubt the officers' conduct indicates clearly that the defendant had full knowledge of the attachment; that they assumed the levy was valid, and procured the removal of the keepers of the property by making concessions regarding the existence of the attachment. It is said in 6 Corpus Juris, page 246, section 475, that:

"The conduct of defendant may make an otherwise invalid levy good by way of waiver, estoppel or agreement."

To the same effect is the case of *Taffts* v. *Manlove,* 14 Cal. 47 [73 Am. Dec. 610].

There may be some question as to just what conduct on the part of a defendant will have the effect of waiving a defective service of documents for the purpose of levying an attachment. The levying of an attachment is statutory and is for the purpose of creating a lien upon property to secure the payment of a judgment which is sought. (*Brun* v. *Evans,* 197 Cal. 439 [241 Pac. 86].) There is therefore good reason to assume that the statute must be strictly pursued in order thus to create a valid lien. (*Watt* v. *Wright,* 66 Cal. 202, 208 [5 Pac. 91]; *Main* v. *Tappener,* 43 Cal. 206; *Dickinson* v. *First Nat. Bank of Cody,* 64 N. D. 273 [252 N. W. 54; 93 A. L. R. 739, and note]; *Maskell* v. *Barker,* 99 Cal. 642 [34 Pac. 340]; 3 Cal. Jur., p. 482, sec. 70; 4 Am. Jur. 912, sec. 591; 1 Shinn on Attachment, p. 431, sec. 219.) In the Watt case, *supra,* it is said in that regard:

"The failure of the officer to do these things [either serve upon the occupant of the land or post on the premises the documents], as required by law, and in the order prescribed by law, was fatal to the validity of the levy by attachment."

In 3 California Jurisprudence, page 482, section 70, it is said:

"In executing a writ of attachment upon realty, the failure of the officer to leave with the occupant or post upon

the land, where it is not occupied, a copy of the description of the land, in connection with a copy of the writ of attachment, *and of the notice that the land has been attached,* is fatal to the validity of the levy, and no lien is created thereon.''

And in 1 Shinn on Attachments, page 431, section 219, it is said in that regard:

''Whatever act or acts it (the statute) requires must be strictly performed; for the omission of any preliminary step, necessary to the acquirement of jurisdiction, will render the whole proceedings void, even when collaterally attacked.''

It does appear that answering the complaint and trying the cause on its merits, without objection in that regard, may constitute a waiver as between the parties to the action, of certain defects in the attachment proceedings. In the case of *Southern Arizona Bank & Trust Co.* v. *Stigers,* 47 Ariz. 31, 53 Pac. (2d) 422, where the defendant answered the complaint and affirmatively alleged that the plaintiff had attached an automobile, he was estopped from afterwards denying the attachment. In *Collier* v. *Gannon,* 40 Okl. 275 [137 Pac. 1179], where the defendant appeared and consented to the sale of an attached crop and the placing of the proceeds thereof in a bank, subject to the determination of the case on its merits, the defendant was estopped from afterward attacking the insufficiency of the affidavit, bond or writ of attachment.

We find no case, however, holding that a defendant waives his right to move to quash a levy of attachment on the ground that it is void for failure to comply with the provisions of the statute by either serving upon the occupant of real property, or posting on the premises, the copies of the writ, the notice of attachment and the description of the property. It appears that those statutory requirements are jurisdictional. But it is unnecessary to determine that point in this case, and we therefore refrain from doing so.

Since there is ample evidence in the present case to support the order of the court on the theory that the notice of attachment was actually served on the occupant of the property, it is not necessary for us to determine whether the conduct of the officers of the defendant corporation constituted a waiver of the defects of service.

When the necessary acts prescribed by statute have actually been performed by the officer in levying the attachment, the return of the officer may be amended within the sound discretion of the court to recite the truth. (1 Shinn on Attachment, p. 443, sec. 222; 4 Am. Jur. 919, sec. 603; 93 A. L. R., p. 771, note.)

The order denying the motion to quash the levy of attachment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 22, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 18, 1937.