# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 20

Gene Vincent Hondl,                                       Plaintiff and Appellant

     v.

State of North Dakota and Stark County,        Defendants and Appellees

## No. 20190099

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable James D. Gion, Judge.

VACATED AND REMANDED.

Opinion of the Court by VandeWalle, Justice.

Gene Vincent Hondl, self-represented, Lexington, KY, plaintiff and appellant; on brief.

Brittney A. Bornemann, Assistant State's Attorney, Dickinson, ND, for defendants and appellees; on brief.

# Hondl v. State
## No. 20190099

**VandeWalle, Justice.**

[¶1]   Gene Hondl appealed from an order that granted the State's motion to dismiss his "motion for writ of replevin" and dismissed his case with prejudice. We vacate the order and remand for further proceedings.

I

[¶2]   On January 23, 2019, Hondl filed a "motion for writ of replevin" in the district court, in addition to filing a notice of motion, motion for evidentiary hearing, motion for appointment of counsel, and a certificate of service.  Hondl named the State and Stark County as defendants (collectively, "the State"), seeking the return of certain personal property seized when he was arrested on drug charges and forfeited in separate civil forfeiture proceedings.  Hondl's certificate of service indicates the documents were served by U.S. Mail on December 28, 2018.

[¶3]   On February 5, 2019, the State served and filed an answer and response to the motions, in addition to its motion to dismiss with supporting documents. In seeking a dismissal, the State alternatively asserted that Hondl did not appropriately serve or commence an action with proper pleadings under the North Dakota Rules of Civil Procedure and that the issues Hondl seeks to address were previously adjudicated in prior civil forfeiture proceedings filed in 2017, leading to a 2018 judgment that was not appealed.

[¶4]   On February 19, 2019, the district court entered its order dismissing the matter with prejudice.  The order stated: "The Court, having reviewed the Motion to Dismiss brought by the State of North Dakota and Stark County, it is hereby ORDERED that the Motion is GRANTED. The Plaintiff's Motions for Evidentiary Hearing and for Writ of Replevin are hereby DENIED and the matter is DISMISSED WITH PREJUDICE."

## II

[¶5] This Court reviews a district court's decision granting a motion to dismiss de novo. *See Great W. Cas. Co. v. Butler Mach. Co.*, 2019 ND 200, ¶ 5, 931 N.W.2d 504. A motion to dismiss under N.D.R.Civ.P. 12(b)(6) tests the legal sufficiency of the claim presented in the complaint. *Great W. Cas. Co.*, at ¶ 5. On appeal this Court construes the complaint in the light most favorable to the plaintiff and accepts as true the well-pleaded allegations in the complaint. *Id.*

## III

[¶6] To the extent Hondl's "motion for writ of replevin" is an attempt to commence a replevin action, this Court has said that "[a] claim and delivery action under N.D.C.C. ch. 32-07 is the proper action to recover possession of personal property." *Hildenbrand v. Capital RV Ctr., Inc.*, 2011 ND 37, ¶ 12, 794 N.W.2d 733 (citing *Dickinson v. First Nat'l Bank*, 64 N.D. 273, 285, 252 N.W. 54, 59 (1933)).

[¶7] A claim and delivery action to recover possession of personal property "is a modified form of the old common-law action of replevin." *Dickinson*, 252 N.W. at 59; *see* N.D.C.C. § 1-01-06 ("In this state there is no common law in any case in which the law is declared by the code."); *see also* 66 Am.Jur.2d *Replevin* § 3 (2011) ("In some jurisdictions, the state's claim and delivery statutes replaced the common-law action of replevin."); 77 C.J.S. *Replevin* § 2 (2017) ("The action of replevin is not generally a common-law action any longer, and is now usually based on the applicable state statute."). This Court has also explained, however, that it is well established that "replevin will not lie for goods in the custody of the law," and "claim and delivery will not lie to recover possession of property seized by [the government under] an act of the legislature." *State v. One Black 1989 Cadillac*, 522 N.W.2d 457, 465 (N.D. 1994) (quoting *Shaide v. Brynjelfson*, 78 N.D. 531, 539, 50 N.W.2d 500, 504 (1951)); *see* 66 Am.Jur.2d *Replevin* § 3 ("[C]laim and delivery will not lie to recover possession of a property seized by the government.").

2

[¶8]  Hondl's arguments on appeal challenge the district court's purported errors and alleged bias or conflict of interest in the prior civil forfeiture proceedings.  He essentially attempts to collaterally attack the judgment from the prior proceeding.  The State responds, as it did in its motion to dismiss, that Hondl's case was not properly commenced and his case was properly dismissed as an attempt to relitigate matters previously adjudicated.  In its motion to dismiss, the State provided the court with alternate grounds:  1) failure to commence an action by properly serving a summons, and 2) res judicata.

[¶9]  In its order, the district court did not provide the grounds or any explanation for its dismissal with prejudice.  If the court dismissed the matter based on Hondl's failure to properly serve the State, *see* N.D.R.Civ.P. 4(d)(2)(E) and 4(d)(2)(F), the order of dismissal should have been "without prejudice."  *See Riemers v. State*, 2006 ND 162, ¶ 10, 718 N.W.2d 566 ("Absent personal jurisdiction, 'the court is powerless to do anything beyond dismissing *without prejudice*.'").  If the court dismissed with prejudice on the basis of res judicata, that disposition requires consideration of matters beyond the pleadings, including the earlier civil forfeiture proceedings, rendering a dismissal on the pleadings inappropriate.  *See* N.D.R.Civ.P. 12(d); *Mills v. City of Grand Forks*, 2012 ND 56, ¶ 7, 813 N.W.2d 574 ("If . . . matters outside the pleadings are presented to and not excluded by the district court, the motion [must be] treated as a motion for summary judgment under N.D.R.Civ.P. 56.").

[¶10] Our decision in *Franciere v. City of Mandan*, 2019 ND 233, 932 N.W.2d 907, is dispositive of this case.  In *Franciere*, at ¶ 7, the district court dismissed an action with prejudice after finding the case was moot, without ruling on the City's request to dismiss the case for insufficient service of process and lack of personal jurisdiction.  However, because "a determination of subject matter and personal jurisdiction must precede any dismissal with prejudice," we vacated the judgment and remanded for the court to decide the motion to dismiss for insufficiency of service of process and lack of personal jurisdiction. *Id.* at ¶¶ 12-13.

[¶11] Here, the district court dismissed the case with prejudice without providing any explanation. We therefore vacate the order and remand for the court to decide the State's motion to dismiss for insufficiency of service of process and lack of personal jurisdiction.

## IV

[¶12] The order is vacated, and the case is remanded.

[¶13] Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Jon J. Jensen, C.J.