### JEROME B. PARROTT V. JOHN W. MCDONALD ET AL.

#### FILED JUNE 9, 1904. No. 13,550.

**Sheriff: ACTION FOR DAMAGES.** A plaintiff can not recover damages from a sheriff, on account of negligence by which an attempted levy of a writ was rendered ineffectual, if he has contributed to the result by his own negligence or by that of an attorney whom he has employed to supervise the procedure.

ERROR to the district court for Douglas county: JACOB FAWCETT, JUDGE. *Affirmed.*

*Lysle I. Abbott* and *Dan J. Riley,* for plaintiff in error.

*Byron G. Burbank, contra.*

AMES, C.

George W. Ames, formerly a resident of Omaha, became insolvent, and finally left the state somewhat suddenly on a Saturday night. He was indebted to the plaintiff Parrott in a considerable sum of money and was the owner of a large number of city lots of small individual value. Parrott employed an attorney, and, in company with him and a deputy sheriff, spent the greater part of Sunday afternoon and evening in the preparation of papers for the beginning of an attachment suit, and in making copies of the writ to be posted on the lots at the time of the levy. In the course of the evening the deputy told Parrott that the law required that the levy should be made in the presence of two residents of the county and the latter procured promises of the attendance of two such persons living in the neighborhood. The writ was procured to be issued shortly after midnight, and the plaintiff and deputy started out in a carriage to go to the lots and make the levy. The attorney was also in the carriage, but did not intend to go, and did not go, the entire distance. One of the witnesses was expected to be found, and was found, at the site of some of the lots, the other resided on the

side of the route of travel and was expected to be taken up on the way. At a proper place Parrott proposed to turn and drive along an intersecting street for this purpose, but the deputy told him it was unnecessary to do so and he desisted. Before arriving at the lots, the attorney left the carriage at his home, and did not rejoin the party that night. Levies were attempted to be made on all of the lots, and a copy of the writ was posted on each of them by the deputy in the presence of Parrott and one other person only. On the morning of the same day, which was the 6th of April, the party returned to the court house. Plaintiff did not go to the sheriff's office, but on the same day he saw his attorney and talked with him about the matter and the deputy made an appraisement of the lots, substituting another person in the place of the plaintiff as one of the appraisers, but at the suggestion of whom, if any one, is not known. The statute requires the appraisement to be made by persons witnessing the levy. The writ was not returned into court until the 18th, but it is impossible to infer that the plaintiff and his attorney were not at all times fully cognizant of all the circumstances and that the latter at least, and probably the former also, was fully aware of the irregularity, if not illegality of the procedure. On the 11th of the month, five days after the attempted levy, Ames incumbered the property for more than its value to third parties.

An order of the district court overruling a motion to dissolve the attachment because of the foregoing circumstances was reversed by this court and the lien of the attachment failed, or rather was held never to have existed. Ames was adjudged a bankrupt at his then residence in New York, the suit was dismissed and the claim of the plaintiff lost. This is a suit on the bond of the sheriff to recover damages on account of the negligence of his deputy. It is not alleged that there was any lack of good faith. The district court instructed a verdict for the defendant and the plaintiff prosecutes error. The defendant relies upon the foregoing facts, which are not in

dispute, and invokes the law of estoppel. But we are ignorant of any principle of estoppel applicable to the case and there is, apparently, some danger of that doctrine becoming debilitated from overwork.

There is no direct or positive evidence, nor anything from which it can be inferred, that the plaintiff said or did anything calculated to influence or which did influence the conduct of the deputy. If there were any malign influences at work between the two, they apparently operated in an opposite direction. But the action is for negligence, and it seems to us that the familiar rules of law relative to contributory negligence are not without pertinency. It is likely enough that the plaintiff, being "a layman," was justified in deferring to the supposed superior knowledge of the deputy, and in following the course which the latter chose to take with reference to the service of the process in his charge, but as much cannot be said for the attorney who was the agent of the plaintiff and who had general supervision of the proceedings in his behalf. He knew the course that was being adopted on the night of the levy, and knew or ought to have known on the following day what had been done in this regard and what was about to be done with reference to the appraisement and the return of the writ.

Five days intervened before the making of the voluntary incumbrances by Ames, during which the mistake might have been corrected and during which there was abundant opportunity for consultation between attorney and client, and enough had occurred to excite the vigilence of the plaintiff to take counsel concerning the contradictory advice of the deputy. As a matter of fact the question of law involved was not free from doubt, as is evidenced by the ruling of the learned district judge upon the motion to discharge the attachment, and the elaborate opinion by which it was found necessary to dispose of the inquiry in this court. On the whole, we conclude that the plaintiff and his attorney contributed at least equally with the deputy to the mistake by which the attempted

levy was rendered ineffectual, and to the omission to pro-
cure a new levy before the lots were placed beyond reach,
and we recommend therefore that the judgment of the dis-
trict court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing
opinion, it is ordered that the judgment of the district
court be

AFFIRMED.