[File No. 6522.]

JOHN SUMMERFIELD, Respondent, v. HENRY O. PAULSON, Sheriff of Mountrail County, North Dakota, and The State Bonding Fund of the State of North Dakota, Appellants.

(278 N. W. 248.)

162:

Opinion filed February 1, 1938.

F. F. *Wyckoff,* for appellant Paulson.

P. O. *Sathre,* Attorney General, and *Chas. A. Verret,* Assistant Attorney General, for appellant State Bonding Fund.

C. N. *Cottingham,* for respondent.

MORRIS, J. This is an appeal by the sheriff of Mountrail county and the State Bonding Fund from a judgment for damages for failure of the sheriff to file an inventory as required by § 7546, N. D. Compiled Laws, 1913.

On February 9, 1935, the plaintiff, John Summerfield, caused to be filed in the district court of Mountrail county, a summons and complaint in an action against one Matie Schell in a suit upon a promissory note. At the same time the plaintiff instituted attachment proceedings upon the ground that Matie Schell was not a resident of this state, and on the same day the sheriff, by L. C. Hungate, his deputy, levied an attachment upon certain real estate in Mountrail county by filing a notice of attachment in the register of deed's office. Thereafter and on the same day, the deputy went to the office of plaintiff's attorney and consulted him regarding the matter. Some conflict exists in the testimony of the attorney and the deputy as to what was said. However, it is undisputed that the attorney prepared an instrument bearing the title of the action and denominated "Sheriff's Return," which recited that the sheriff thereby did "certify and return" that the various papers in the action came into his hands for service on the 9th day of February 1935, and that he levied upon certain lands and caused the notice of attachment hereinbefore mentioned to be recorded

in the office of the register of deeds. The instrument prepared by the attorney also contained the usual certification of defendant not found. It was dated February 9, 1935, and signed in the sheriff's name by the deputy. Neither this instrument nor any other purporting to be an inventory or a return was filed with the clerk of court until after twenty days from the date of levy. The instrument designated sheriff's return was left with plaintiff's attorney and by him attached to the original summons, complaint, and warrant of attachment, and sent to the state of Wisconsin for personal service on Matie Schell. The evidence does not show when they were returned to the attorney, but they were not returned to the clerk's office and the instrument that the deputy signed was not filed therein until April 29, 1935. A judgment in rem was rendered on that day and the real estate was directed to be sold in satisfaction of the judgment lien. This was done and a sheriff's deed eventually issued to the plaintiff.

On the first day of October 1935, one Martin Liefke, having purchased the real estate in question from Matie Schell, subsequent to the attempted levy, instituted an action to quiet title which resulted in the attachment proceedings being set aside and the loss of the land to the plaintiff. The attachment creditor then instituted this action to recover from the sheriff and The State Bonding Fund. The case was tried to the court without a jury. The court found for the plaintiff upon the theory that the sheriff became liable to the plaintiff in damages because of his failure to perform his statutory duty to file an inventory of the property attached by him as required by § 7546, N. D. Comp. Laws 1913. The case is before us for trial de novo.

Section 7546, supra, makes it the duty of the sheriff to file an inventory and a return within twenty days after seizing the property. In levying upon real estate under a warrant of attachment, the sheriff is required by § 7547, N. D. Comp. Laws 1913, to file with the register of deeds a notice of attachment which was done on February 9, but no return or inventory was filed until April 29. In Dickinson v. First Nat. Bank, 64 N. D. 273, 252 N. W. 54, 93 A.L.R. 739, this court held that the failure of the sheriff to file an inventory and return within twenty days after making the seizure renders the whole proceeding void. The sheriff contends that the document drawn by the plaintiff's attorney was both an inventory and a return in as much as it recites.

the sheriff's doings and also lists the property levied upon. The plaintiff contends that it cannot be considered an inventory because it contains no estimate of value. In Jongewaàrd v. Gesquire, 51 N. D. 173, 199 N. W. 585, it was held that a collateral attack upon an attachment for failure to file a signed inventory cannot be sustained when the return, as made by the officer, contains a list of the property seized even though it contains no estimates of value. A return which lists the property may constitute an inventory and be sufficient to sustain the jurisdiction of the court even though values are omitted. Chaffee v. Runkel, 11 S. D. 333, 77 N. W. 583; Jolley v. Dunlop, 34 S. D. 213, 147 N. W. 980. In this case if the instrument which the deputy signed had been filed in time, it would have constituted a sufficient return and inventory to have sustained the jurisdiction of the court in the attachment proceedings, and they would not have been subject to collateral attack. However, the instrument was not filed within twenty days and the attachment proceedings became void. The sheriff is liable for the damages resulting from the failure of the attachment, unless he is absolved from blame by virtue of the acts of plaintiff's attorney. The plaintiff contends that if the attorney chose to assist the sheriff in the performance of his statutory duties, that in rendering such assistance he became the agent of the sheriff, and that the plaintiff is not chargeable with the failure of the sheriff to perform any acts required by the statute even though he acted under the advice or with the assistance of the attorney. Under the facts in this case we cannot sustain this contention. The deputy went to the attorney's office where the attorney prepared and the deputy signed the return. Even though it be conceded that the attorney acted as agent for the sheriff in preparing the return, it does not follow that he continued to act as the sheriff's agent in the other things which he did, in fact, they are wholly inconsistent with such agency. At the time the return was signed, the attorney had in his possession the files in the case. He put the sheriff's return with the other papers and sent them to Wisconsin for service on Matie Schell. This he did as attorney for the plaintiff and not as agent for the sheriff. Through his acts the files in the case and the instrument signed by the deputy were not returned to or again filed in the clerk's office until after twenty days from the date of levy. The attorney for the plaintiff, while acting as such, participated in

the omission which resulted in the destruction of the validity of the attachment.

The plaintiff's argument that the attorney's acts in connection with the failure to file the return are beyond the scope of the purpose for which the attorney was employed, and consequently do not bind the plaintiff or protect the sheriff, is well answered in the words of the Maine Supreme Court: "The extent of an agency is properly determined, when the intentions of the principal and agent are ascertained. What are the intentions of the client and attorney, when the one entrusts to the other a demand to be collected, or a claim to be enforced? If the client were asked, if he intended, that his attorney should release or discharge the cause of action without payment or satisfaction, the answer would be, that he did not. Again, if asked if he intended that his attorney should select, control, and manage the processes and remedies to be resorted to for the purpose of collecting or enforcing his claims, the answer would be, that he did—that he did not know the law, and could not judge of these matters, and that he expected that his attorney was informed and could properly decide upon them." Jenney v. Delesdernier, 20 Me. 183.

In the case of United States v. Conklin, 1 Wall. 769, 17 L. ed. 714, it appears that a marshal took possession of certain property under a writ of replevin. A redelivery bond was presented to the marshal. The plaintiff's attorney demanded certain changes in the bond which were made, and were later held to be such alterations as to make the bond void. Suit was then brought against the marshal upon the ground that he was liable for having released the property and accepted a void bond. The court says: "The attorney is the agent of his client to conduct his suit to judgment, and to superintend the execution of final process. It is true that he cannot discharge the defendant from execution without the money is paid to him; Jackson ex dem. M'Crea v. Bartlett, 8 Johns. 361; but his authority is complete to control the remedy which the law gives him to secure or collect the debt of his client; Jenney v. Delesdernier, 20 Me. 183; Kimball v. Perry, 15 Vt. 414; and if the client suffers by the ignorance or indiscretion of the attorney, the officer shall not be prejudiced, for the attorney may give such directions to the officer as will excuse him from his general duty. Walters v. Sykes, 22 Wend. 568. The attorney can give such general

instructions to the officer as he may deem best calculated to advance the interests of his client, and if followed (erroneous though they be) they will bind his client and exonerate the officer."

In Bickham v. Kosminsky, 74 Ark. 413, 86 S. W. 292, 4 Ann. Cas. 978, it was held that the sheriff is not liable for his failure to return an execution within the time prescribed by statute if such failure is due to his obedience of instructions given by the creditor's attorney. To the same effect is Parrott v. McDonald, 72 Neb. 97, 100 N. W. 132. In Stevens v. Colby, 46 N. H. 163, it was held that a sheriff was not liable for damages resulting from a defective return to an execution which was drawn by the creditor's attorney and signed by the sheriff's deputy.

In this case the failure of the sheriff to perform his statutory duty to file a return and inventory within twenty days after the levy, was due, in a large measure at least, to the conduct of the plaintiff's attorney while he was in charge of the proceedings as a representative of the plaintiff. The attorney's participation constitutes a sufficient interference with and assumption of control over the acts of the sheriff as to relieve him from liability.

Reversed.

BURR and NUESSLE, JJ., and JANSONIUS, Dist. J., concur.

SATHRE, J., being disqualified, did not participate, Hon. FRED JANSONIUS, Judge of Fourth Judicial District, sitting in his stead.

CHRISTIANSON, Ch. J. (concurring specially). I concur in the opinion prepared by Mr. Justice MORRIS; but I concur in the rule announced in paragraph one of the syllabus solely because that has become the rule of law in this state by virtue of the decision of this court in Dickinson v. First Nat. Bank, 64 N. D. 273, 252 N. W. 54, 93 A.L.R. 739. The views I expressed in my dissenting opinion in that case have not been altered.