[File No. 6621.]

BEN GILBERTSON, as Receiver of the Progressive Printing Company, a Body Corporate, Respondent, v. H. C. HELLE, as Sheriff in and for Williams County, North Dakota, and the State Bonding Fund, a Legally Created Department of the State of North Dakota, Appellants.

(290 N. W. 269.)

Opinion filed February 5, 1940.

736

*Eugene A. Burdick, Walter O. Burk,* and *W. J. Austin,* for appellants.

*Fredricks & Fredricks,* for respondent.

BURR, J. On April 1, 1937, judgment was entered in the district court of Williams county in favor of the C. I. Johnson Manufacturing Company as plaintiff against the Progressive Printing Company, resident in Williams county, as defendant, for the foreclosure of a chattel mortgage upon the property involved in this action and situated in Williams county, the complaint describing the property specifically. In that action the court found the plaintiff had a lien upon the property described in the mortgage for $1120 and interest and costs and directed that the sheriff of Williams county "repossess said mortgaged property and sell the same at public auction and apply the proceeds on the costs, disbursements, attorney's fees and the balance on the indebtedness then owing by the Progressive Printing Company to the C. I. Johnson Manufacturing Company.

"That said mortgage was thereafter and on the 11th day of April, 1936, at 9:01 o'clock A. M. duly filed in the office of the Register of Deeds of Williams county, North Dakota, and there given document No. 232699," but stayed the issuance of a special execution until further order.

On or about May 29, 1937, an action was commenced in the district court of Burleigh county by the State of North Dakota ex rel. Sena Gilbertson v. the Progressive Printing Company et al. to dissolve said corporation, praying for the appointment of a receiver of the property of said company. On June 2, 1937, the district court appointed the plaintiff herein as receiver "clothed with all the powers usually conferred on receivers . . . ," and the receiver immediately qualified.

On July 8, 1937, the district court in and for Williams county made the following order for issuance of execution:

"(Title Omitted)

"The above entitled matter having come on for hearing before the Court at Chambers in the Snyder Building in the City of Williston, Williams County, North Dakota on the 20th day of April, 1937, the plaintiff appearing by its attorney, Walter O. Burk, and no appearance being made by the defendant, but one Mrs. Ben Gilbertson, formerly Sena Engberg, appearing by her attorney, M. C. Fredricks, of Jamestown, North Dakota, and the Court having heard the arguments offered on behalf of the plaintiff and on behalf of Mrs. Gilbertson and the Court after duly considering the same, having stated that execution would be stayed upon a judgment made, rendered and entered in the above entitled action until the 1st day of July, 1937, but that no further stay would be granted, now, therefore,

"It is hereby ordered, That special execution issue out of the District Court of Williams County, North Dakota, forthwith, authorizing and commanding the Sheriff of Williams County, North Dakota, to sell the personal property described in the judgment entered in the above entitled action, in the manner provided by statute for sale of mortgaged personal property upon special execution. . . ."

On or about June 30, 1937, the plaintiff herein wired the sheriff to the effect that this property was held by him "as receiver and (I) forbid you to seize any of it, the property is now in the custody of the court."

On September 17, 1937, a special execution was issued describing the property involved herein and ordering, adjudging, and decreeing: ". . . that the Sheriff of said Williams County, North Dakota, proceed forthwith to sell the aforesaid described property at public auction upon the premises where said property is situated after giving due notice thereof, and that he levy upon and take said property in his possession for the purpose of said sale, all agreeable to the statutes in such case made and provided;" and further: "Now, therefore, you H. C. Helle, Sheriff of Williams County, North Dakota, are hereby commanded and directed in accordance with said Judgment and Decree and in accordance with the Order for Issuance of Special Execution to

proceed forthwith, according to law, to advertise and sell the personal property therein described or so much thereof as may be sufficient to pay the amount so adjudged to be due as aforesaid, with interest thereon at the rate of four per cent (4%) per annum from the date of entry of Judgment as aforesaid, to the date of sale, including all accrued costs, and out of the proceeds thereon, to pay your fees and costs of said sale, and to pay over the balance of the proceeds as provided by law to the plaintiff.

"Due return make of this proceeding and the premises within sixty (60) days of the receipt hereof by you. . . ."

The defendant gave notice of sale of personal property under execution, sold the property at the premises to the highest bidder, the mortgagee, it was removed from the premises, and there is no claim on the part of the defendants that the property can be returned.

The plaintiff thereupon brought this action in the district court of Burleigh county against the defendant Helle, as sheriff and against the surety on his bond, alleging the dissolution of the Progressive Printing Company; the appointment as receiver; that he had taken possession of this property; that the sheriff, "without leave or license from this court, entered the premises . . . , and under color of office . . . forcibly seized the above-mentioned property, detached the same from the building and premises in which the same was and were permanently fixed and attached, and wrongfully, unlawfully and forcibly undertook to sell and dispose of the same, and caused the same to be removed and permanently taken from the possession of this receiver and this court, and in direct contempt of this court, and its authority and dignity, wrongfully and unlawfully converted all of the property above listed to his own use."

He alleged the value of the property to be in excess of $1,500, that he was damaged in excess of $100, and asked for judgment for $1,600.

The defendants' answer admitted the property had been owned by and was in the possession of the Progressive Printing Company; admitted the sheriff sold the property; alleged the execution of the chattel mortgage, the foreclosure of the same, the judgment entered, issuance of the special execution, and the sale thereunder; alleged obedience to the command of the district court of Williams county; and denied the property was in the possession of the plaintiff.

The case was submitted to a jury, who returned a verdict for the plaintiff in the sum of $100. Appropriate motions for dismissal, for directed verdict, and for judgment notwithstanding the verdict or for a new trial were made, which motions were denied, and the defendants appeal.

As specifications of error the appellants allege the insufficiency of the evidence to sustain the verdict, failure of the court to instruct along a certain line, alleged error in a portion of the charge to the jury, that the court erred in denying a motion of defendants for judgment notwithstanding the verdict, and "that it affirmatively appears from the record and from the instructions of the court that the district court of Williams county, in the Fifth Judicial District had acquired jurisdiction of the property described in the Complaint prior to the district court of Burleigh county in the Fourth Judicial District, and that the return of execution, regular on its face, issued out of the district court of Williams county in the Fifth Judicial District, identified as Defendants' Exhibit F herein, was a part of the continuing jurisdiction in the district court of Williams county and, therefore, the exclusive jurisdiction; that accordingly, any order which might have been made with respect to said property by the district court of Burleigh county in the Fourth Judicial District to be null and void, and that therefore, the Judgment and Order Denying the Motion of the Defendants for Judgment Notwithstanding the Verdict or for a New Trial are erroneous."

On this appeal plaintiff sets forth what he terms as ultimate conclusions: First, when proceedings are instituted to dissolve and wipe out an insolvent corporation, these proceedings are exclusive; second, when under such proceedings a receiver is appointed and the assets and property of the corporation taken into his possession, "it is a direct contempt of court, if such custody and possession is interfered with, and a writ, issued from another court, though regular upon its face, will not protect an officer to seize such property, and to do so amounts to a wrongful conversion;" third, "That under the provisions of the statute, relating to the foreclosure of liens upon personal property, by action in the district court, it is nevertheless required that an officer, attempting to seize and sell property, after judgment or decree, make a proper levy thereon and give notice of such levy, and when this is not

done his action thereunder is illegal;" fourth, "That a sale of property, under process or execution, in and on which, the officer holding the process, acts both as buyer and seller, is absolutely void as against public policy, and if property is actually sequestered under and pursuant to such a sale, the officer so conducting the same, is guilty of a conversion of the property;" and fifth, "That the sheriff's sale and seizure, involved in this action, is void and unlawful under each and every proposition here stated, and the judgment should be affirmed."

By the provisions of § 3399, Comp. Laws, "A sheriff . . . is justified in the execution of and must execute all process and orders regular on their face and issued by competent authority, whatever may be the defect in the proceeding upon which they were issued."

This is a mandatory provision. This special execution was regular on its face; it was issued by competent authority after the court issuing it knew of the claim of the plaintiff herein to be the officer of another court and that the issuing of such execution and the performance of the duties therein commanded would be an alleged interference with the district court of Burleigh county. It was not for the sheriff to say whether the district court of Williams county was wrong in ordering the issuance of the execution. Section 3394 of the Compiled Laws provides that "If the sheriff to whom a writ of execution . . . is delivered . . . refuses after being required by the creditor . . . to levy upon or sell any property of the party charged in the writ which is liable to be levied upon or sold, he is liable to the creditor for the value of such property." The sheriff can do nothing but obey, though in a suit against him based on a violation of this § 3394 he might be justified because of an order from a superior court. See Alexander v. Wilson, 144 Cal. 5, 77 P. 706.

This is not a proceeding to punish the sheriff for contempt of court, though plaintiff says the sheriff flagrantly interfered with property in the custody of the district court of Burleigh county as represented by the receiver. He cites the well-known rule set forth in Woodhull v. Farmers' Trust Co. 11 N. D. 157, 163, 90 N. W. 795, 95 Am. St. Rep. 712: "It is entirely elementary that the possession of property by a receiver is, in the eye of the law, regarded as the possession of the court which appointed the receiver, and hence such property, being in custodia legis, cannot be seized by attachment or execution when in the

hands of a receiver." He cites numerous cases in harmony with this rule and calls the attention of the court to the note in 39 A.L.R. 6 et seq., to the same effect.

That this is the general rule is not denied; but it will be noted that the courts asserting rights under the contempt rule were courts of concurrent jurisdiction and the ones who first obtained jurisdiction, or they were determining matters in which such courts had exclusive jurisdiction, as in bankruptcy proceedings. This rule, like many another, is applicable only when certain conditions pertain. .Doubtless, it is the rule that the possession of property by a receiver is the possession of the court; but the right of such court to take possession may be limited or even null and void.

In this controversy it is clear the district court of Williams county acquired the prior jurisdiction over the property. Before the action to appoint the receiver was commenced, the district court of Williams county had pending before it the action for the foreclosure of a chattel mortgage upon the property involved, adjudged plaintiff in that action had a lien on this property, entered judgment in favor of the plaintiff in that action decreeing foreclosure, and directed the property should be sold by the sheriff. It is true the court, in the exercise of its discretion, ordered that the special execution should not issue until the further order of the court; but by doing this the court did not surrender jurisdiction over the property involved in that case. When that court thereafter issued its special execution, as hereinbefore set forth, it was merely exercising the jurisdiction which it had obtained at the time of the commencement of the action, prior to April 1, 1937. The insolvent corporation, the Progressive Printing Company, had its place of business at Ray, within the county of Williams, and the property involved was situated there.

Instead of bringing an action in the district court of Williams county to have the corporation, the Progressive Printing Company, dissolved and a receiver appointed, the action was brought in Burleigh county. The Progressive Printing Company had defaulted in the action pending in Williams county; but when the plaintiff moved the district court of Williams county to exercise its authority and order the clerk to issue a special execution, the plaintiff in the receivership case was present in opposition to the motion, together with her counsel, for the alleged

purpose of showing that the plaintiff here was receiver and claimed possession of the property and that the issuance of an execution would be an interference with him as an officer of the district court of Burleigh county.

The district court of Williams county was within its rights in exercising discretion in the issuance of the special execution under the facts in this case. No rule is more elementary than this, that in controversies between courts of concurrent jurisdiction, "The court which first acquires the lawful jurisdiction of specific property . . . by the due commencement of a suit from which it appears that it is or will become necessary to . . . the enforcement of the judgment . . . for the court . . . to charge (the property involved) with a lien, to sell, or to exercise other similar dominion over the property, thereby withdraws that property from the jurisdiction of every other court so far as it is necessary to accomplish the purpose of the suit, and that court is entitled to retain such control as is requisite to effectuate its final judgment . . . therein free from the interference of every other tribunal." 14 Am. Jur. 437, Courts, § 245.

This question of priority between two courts of concurrent and co-ordinate jurisdiction is thoroughly discussed in Harkin v. Brundage, 276 U. S. 36, 72 L. ed. 457, 48 S. Ct. 268. Here the court, speaking through Chief Justice Taft, says that as between two courts of concurrent and co-ordinate jurisdiction, "The court which first obtains jurisdiction and constructive possession of property by filing the bill is entitled to retain it without interference and cannot be deprived of its right to do so, because it may not have obtained prior physical possession by its receiver of the property in dispute. . . ." 72 L. ed. 460. It is true that in this case cited the court that had the prior jurisdiction had appointed a receiver; but the rule is just as effective in favor of the prior jurisdiction of the district court of Williams county. It is the acquiring of jurisdiction that determines the exclusiveness, not what is lawfully done in furtherance of it. The same rule is set forth in Swoope v. Swoope, 173 Ala. 157, 55 So. 418, Ann. Cas. 1914A, 937. Probate and chancery courts of that state had concurrent jurisdiction of the settlement of estates of decedents, and it is stated: ". . . the court first acquiring jurisdiction should be allowed to continue in the

settlement, unless (the case being in the probate court) some special reason arises for equitable interference."

Leigh v. Green, 62 Neb. 344, 86 N. W. 1093, 1097, 89 Am. St. Rep. 751, while criticizing many judicial declarations as being dicta, shows the reason for the rule is founded in necessity, saying: ". . . for were it otherwise, the orders of one court might be offset by those of another, and the parties left without any remedy. Besides, in their rivalry for possession of property in controversy, a conflict would arise that would not only be embarrassing in the administration of justice, but would be liable to lead to unseemly strife and personal conflicts between the officers of the different courts." This reason applies with cogent force in the controversy here, for if it did not apply there might be unseemly strife between the sheriff, the officer of the district court of Williams county, and the receiver, the officer of the district court of Burleigh county—the courts being of concurrent jurisdiction.

In Miller v. Higgins, 14 Cal. App. 156, 111 P. 403, the superior court of a county had entered a decree of divorce and awarded the custody of a child. Later the mother took the child from the territorial jurisdiction of that court into another county and there commenced proceedings for adoption. It was held therein that the continuing jurisdiction of the first court could not be defeated by the subsequent removal of the child to another county and by the assumption of jurisdiction of the court of that county in proceedings for adoption, a somewhat different matter, but affecting the child.

In Coleman v. Callon, 184 Ind. 204, 110 N. E. 979, two circuit courts entertained applications for the appointment of a receiver for the same property, and the one receiving the later application made an appointment while the application was pending in the other court. It was held that because the courts were of concurrent jurisdiction, the court in which the application was first made ". . . obtained jurisdiction which, as to the matters therein involved, then became exclusive and it was its duty to proceed to final hearing, so that the order of the circuit court appointing a receiver was void." To the same effect is Spiller v. Wells, 96 Va. 598, 32 S. E. 46, 70 Am. St. Rep. 878.

Even stronger is the case of Hoboken v. Hoboken & M. R. Co. (N. J. Eq.) 70 A. 926, where the supreme court of a certain district had taken

jurisdiction in a case brought by the railway company involving title to land or the right to possession thereof. Later an application was made in the court of chancery by the city for an injunction to restrain the railway company from proceeding with certain excavations in that property, a somewhat different matter. The chancery court held the supreme court had ". . . taken jurisdiction of the real controversy, the title to the land or the right to possession thereof, and it would be impossible for this court (the court of chancery) to seize jurisdiction, or to attempt to deprive the supreme court of it, or in any way to interfere with the ordinary process of the common-law courts." This was cited and followed in New Amsterdam Casualty Co. v. Mandel, 115 N. J. Eq. 198, 170 A. 19, 21.

The district court of Burleigh county had no power nor authority to interfere with or infringe upon the jurisdiction of the district court of Williams county. The district court of Williams county had complete control in that action of the property involved herein for the purpose of foreclosure and sale. Having the first jurisdiction over the property, this is the court to determine all matters which may arise between the parties regarding the subject-matter involved—the property sought to be foreclosed—which includes its possession.

Our juridical system provides ample methods for preventing this unseemly controversy between courts of concurrent jurisdiction. Writs of prohibition to prevent one court from interfering with another are issued, and our Constitution gives to this court "general superintending control over all inferior courts under such regulations and limitations as may be prescribed by law." Section 86 of the Constitution.

In the orderly administration of justice and where another court ordinarily of concurrent jurisdiction has superior power over certain proceedings, such as the district court of the United States exercises in bankruptcy proceedings as against a prior jurisdiction of a district court of this state, this court "will intervene to stay the proceedings in the district court of this state, pending the determination of the bankruptcy proceedings, in order to avoid possible conflict of jurisdiction." State ex rel. Friend v. District Ct. 55 N. D. 641, 215 N. W. 87.

The range of this superintending power of the court is referred to in State ex rel. Jacobson v. District Ct. 68 N. D. 211, 277 N. W. 843.

The proposition stated in plaintiff's third ultimate conclusion, that

the sheriff conducted the sale improperly, is not before us. There is no allegation in the complaint showing wherein he failed to comply with the statute, and the return of the sheriff shows sale at the place ordered by the court after notice by publication was given. The complaint says the sale was illegal, but this is a mere conclusion. No facts are set forth to show wherein it was illegal. Therefore, we do not consider that point.

Neither is there any merit in plaintiff's fourth ultimate conclusion. The record shows that at the time of the sale a deputy sheriff appeared and represented the sheriff in the sale; that another person, who happened to be a deputy sheriff, appeared as representative of the C. I. Johnson Manufacturing Company and announced bids, the property being struck off to the C. I. Johnson Manufacturing Company. Because the representative of the Johnson Company happened to be a deputy sheriff does not invalidate the sale.

The respondent argues that the sheriff made no levy upon the property. However, his complaint in this case asserts that the sheriff forcibly seized the property "under color of office," the allegation being that it was done without leave or license from the district court of Burleigh county. The special execution directed the sheriff to advertise and sell the property "at public auction upon the premises where said property is situated . . . ," as hereinbefore quoted. The record shows the defendant went to the premises after advertising the property for sale and sold the property to the highest bidder without interference on the part of anyone, and the property was delivered to the purchaser.

In this suit against the sheriff and the surety on his bond the plaintiff has no cause of action. The judgment, therefore, is reversed and the action dismissed.

NUESSLE, Ch. J., and CHRISTIANSON, MORRIS, and BURKE, JJ., concur.