**James H. O'BRIEN, Appellant,**

v.

**LANPAR COMPANY, Appellee.**

**No. 16641.**

Court of Civil Appeals of Texas.

Fort Worth.

May 21, 1965.

Rehearing Denied June 18, 1965.

Akin, Vial, Hamilton, Koch & Tubb, and James A. Knox, Dallas, for appellant.

James H. Martin, Dallas, for appellee.

RENFRO, Justice.

Plaintiff O'Brien brought suit in a District Court of Dallas County upon a judgment rendered in his favor in an Illinois Court of general jurisdiction against Lanpar Company, a corporation with principal office and place of business in Dallas, Dallas County, Texas.

The Illinois suit grew out of alleged breach of agreement made while in Chicago by the president of defendant corporation to pay plaintiff, an attorney, a fee for representing defendant corporation in a case in Federal Court in Illinois.

Citation was issued out of the Illinois Court as though defendant were a local corporation. Citation, however, was mailed to the Sheriff of Dallas County, Texas, who executed same by serving defendant's president.

Plaintiff obtained a default judgment in Illinois.

In the instant suit both parties filed extensive pleadings, motions, and summary judgment motions. Defendant's motion was granted; hence this appeal by plaintiff.

Plaintiff contends the court erred in holding the Illinois Court did not have in personam jurisdiction over the defendant corporation.

The Illinois Civil Practice Act, S.H.A., Chap. 110, § 16 provides: "(1) Personal service of summons may be made upon any party outside the State. If upon a citizen or resident of this State or upon a person who has submitted to the jurisdiction of the courts of this State, it shall have the force and effect of personal service of summons within this State; * * *."

Section 17 of said Act provides: "(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business within this State; (the term 'transaction of any business' is not defined in the Section. Subdivisions (b), (c), and (d) pertain to torts, real estate and insurance.) * * *

"(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section."

In Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877), the Supreme Court held that every state possesses exclusive jurisdiction and sovereignty over persons and property within its territory, but that no state can exercise direct jurisdiction and authority over persons or property without its territory.

In a later case, International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the court pronounced the "minimum contacts" rule. The court held in substance that due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

The "minimum contacts" rule has been followed in both Federal and Illinois cases: McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961); Nelson v. Miller, 11

Ill.2d 378, 143 N.E.2d 673 (1957); Kropp Forge Company v. Jawitz, 37 Ill.App.2d 475, 186 N.E.2d 76 (1962); Haas v. Fancher Furniture Company, 156 F.Supp. 564 (D.C. 1957). The above cases involved business transactions as the term "business" is understood generally.

In his exceedingly able article on In Personam Jurisdiction, 42 Tex.Law Review, p. 279 (303), Prof. E. Wayne Thode states (in regard to out-of-state service): " 'Doing business' is still the test for state regulation, but the limits on jurisdiction for the purpose of suing a nonresident are greatly enlarged. These limits are determined by the 'minimum contacts' test, and the contacts cannot be merely fortuitous, but must be purposefully made by the defendant. Further, the litigation must grow out of these contacts, and notice must be properly given to defendant."

It is held generally that the institution or defense of litigation by a foreign corporation does not amount to the doing of business in a state. 23 Amer.Jur. 349, § 366; 20 C.J.S. Corporations § 1836, p. 52.

In Alpena Portland Cement Co. v. Jenkins & Reynolds Co., 244 Ill. 354, 91 N.E. 480 (1910), the Supreme Court of Illinois held: "The words 'doing business' and 'transacting business,' as used in statutes regulating foreign corporations * * * do not include acts not constituting any part of its ordinary business, such as instituting and prosecuting actions in courts."

The Texas Business Corporation Act, V.T.C.S., Art. 8.01, Sub. B(1) expressly provides that maintaining or defending any action or suit by a foreign corporation shall not be considered to be transacting business in this state.

In our opinion defendant corporation was not "doing business" in Illinois within the scope of the "minimum contacts" test when it engaged plaintiff to represent it in a lawsuit in a Federal Court in that state, and personal service on defendant's president in Texas did not subject defendant corporation to the jurisdiction of the Illinois Court.

We agree with the trial court that the Illinois Court did not have jurisdiction of defendant corporation for judgment in personam.

To rule otherwise would, as held in Orton v. Woods Oil & Gas Co., 249 F.2d 198 (7 Cir., 1957), be to stretch the doctrine of the International Shoe Co. case to the breaking point, and to expand the Illinois concept of state jurisdiction over nonresidents beyond the limit imposed by due process.

Affirmed.

MASSEY, Chief Justice (dissenting).

My associates concede that the services for which the appellant brought suit and obtained judgment in the Illinois Court were for personal services performed wholly in Illinois pursuant to contract. Had said contract been with someone, such as a sales manager, for the performance of the character of personal services such a person might be expected to perform, suit to recover thereunder would fall within the provisions of the Illinois statute. Haas v. Fancher Furniture Company, 156 F.Supp. 564 (N.D. Ill., 1957).

Is there a difference because the services for which the appellee contracted with appellant were by an attorney in connection with the conduct of legal proceedings? Since the conduct of an isolated act of litigation, standing alone, would not come within the provisions of the statute, would it necessarily follow that appellant's performance of personal services in the conduct thereof would not come within the provisions of the statute?

In my opinion there would be no cognizable difference between the personal services rendered by a sales manager and the personal services rendered by an attorney. Further, conduct of the litigation is to be distinguished from a contract made for an attorney's personal services to conduct it;

the fact that the former would not come within the provisions of the statute would be of no consequence in determining whether the latter would.

I believe the summary judgment was erroneous. It should be reversed, and the cause remanded for trial.